JACKSON, *ex dem.* RANDALL and another, *against* T. & A. DAVIS.

THIS was an action of ejectment for part of lot No. 55, in the town of *Manlius*, tried at the *Onondaga* circuit, in *June*, 1819, before Mr. Justice *Platt*. The plaintiff claimed title to the premises under a sheriff's sale on a *fi. fa.* issued on a judgment in this Court, in favour of *Randall*, one of the lessors, against *Thomas Davis*, one of the defendants, for 600 dollars of debt, &c. the record of which, according to the exemplification thereof, produced at the trial, was signed *May* 2d, 1816, and filed and docketted the 22d of *May*, 1816. The *fi. fa.* directed the sheriff to levy on the lands of which the said *T. D.* was seised, on the 2d of *May*, 1816, or at any time thereafter, &c. The plaintiff also gave in evidence the record of another judgment in the *Onondago* Court of Common Pleas, in favour of *Sylvanus Tousley*, the other lessor, against *T. D.*, signed the 25th day of *September*, 1816, and filed and docketted the same day ; and the *fi. fa.* on this judgment, directed the sheriff to levy on lands of which *T. D.* was seised, the 20th day of *September*, 1816, or at any time thereafter, &c. The suit

In an action of ejectment, the plaintiff claimed title under a sheriff's sale on an execution, and the exemplification of the record of the judgment stated, that it was filed and docketted on the 22d of *May*; and the execution directed the sheriff to levy on the lands of which the defendant was seised on the 2d of *May*; *Held*, that this was not such an irregularity as would affect or destroy the title of the purchaser under the sheriff's sale. And the clerk of the Court having certified that there was an

error in the exemplification, and that the record was, in fact, filed on the 2d of *May*, the Court refused to grant a new trial on the ground of the mistake.

A deputy sheriff may sell lands under an execution, and execute a deed to the purchaser, as in the name of the sheriff; it is not necessary to show any special authority from the sheriff to the deputy.

A purchaser under a sheriff's sale, of all the right and title to land of a mortgagor in possession, is entitled to recover in ejectment against the mortgagor, though the mortgagee has been made a co-defendant, and the mortgage is outstanding.

Where the lessor, in an action of ejectment, who had become the purchaser of land under an execution and judgment in his favour, had covenanted with the defendant to postpone the sale for two years, it is no defence in the action that the sale was made in violation of his covenant, and before the expiration of the time limited.

Though the existence of an *absolute* deed may be proved by a *recital* in another deed against the party making such recital, yet it seems, that an outstanding *mortgage* cannot be proved by such recital; for if produced, it might appear to have been satisfied, no release being necessary to reconvey the title to the mortgagor.

NEW-YORK, was commenced against *T. D.* alone, the tenant in posses-
May, 1820. sion, and *A. D.*, the other defendant, was afterwards let in
JACKSON to defend as landlord.
v.
DAVIS.

The defendant's counsel objected to these executions being
admitted in evidence, because they directed the sheriff to
levy the debts, &c. on lands and tenements of which the
defendant, *T. D.*, was seised, prior to the time of filing and
docketing the judgments. The Judge admitted the evi-
dence, reserving the point. The plaintiff then proved a
sale to the lessors, who were the plaintiffs named in the exe-
cutions, on the 13th of *August*, 1818, and gave in evidence
a deed executed by *John Grinnol*, a deputy sheriff, signed
as follows : " *John Grinnol* for *Jonas Earl*, jun. (L. S.")
and acknowledged by *Grinnol*. The defendant's counsel
objected to the deed as evidence, on the ground that it did
not appear that *Grinnol* had any special authority to exe-
cute it ; but the Judge overruled the objection.

It was admitted that the defendants were in possession ;
and they offered in evidence the registry of a mortgage ex-
ecuted by *T. D.* to *A. D.*, dated the 26th of *July*, 1809,
for the premises in question ; the plaintiff's counsel object-
ed to the evidence, and it was overruled by the Judge. The
defendant's counsel then gave in evidence a covenant, exe-
cuted the 9th of *June*, 1817, by which the lessors of the
plaintiff, in consideration that *A. D.* had that day cove-
nanted and agreed to give the judgments, above mentioned,
a preference over his mortgage, covenanted and agreed to
postpone and delay the sale of the premises, by virtue of
the judgments and executions, for two years from the date
of that agreement, on condition that the interest on the ba-
lance due on the judgments be paid by the 9th of *June* then
next.

The jury, by direction of the Judge, found a verdict for
the plaintiff, subject to the opinion of the Court on the
above case.

On the argument, the plaintiff produced the certificate
of *A. Breese*, one of the clerks of this Court, that the judg-
ment first above mentioned was, in fact, filed and docketted
the 2d of *May*, 1816, there having been a mistake in the
exemplification.

*Sill*, for the plaintiff, contended, that the act (36 sess. ch. 50. sec. 2. 1 *N. R. L.* 501.) which declares, that no judgments shall affect lands, as to purchasers or mortgagees, &c. did not apply to the defendants, who were not purchasers or mortgagees; that the actual time of filing the record, therefore, was not material, in this case, as no land had, in fact, been levied on, but what was liable to the judgment. The direction to the sheriff in the body of the execution, did not render it void. It was a clerical mistake, which might be amended, and ought not to prejudice the plaintiff. (13 *Johns. Rep.* 101. 8 *Johns. Rep.* 361. 2 *Johns. Rep.* 46.)

Again; as to the objection that the deed was executed by the deputy sheriff, this Court, in *Jackson, ex dem. Marten,* v. *Bush,* (10 *Johns. Rep.* 223.) decided, that a deed executed by the deputy sheriff, in the name and behalf of his principal, was good. (2 *Johns. Rep.* 63.) The deputy is vested with the same power, in this respect, as the sheriff himself.

The *registry* of a mortgage is merely to secure the priority of the incumbrance, and is no evidence of title. And the covenant or contract which was introduced, is no evidence, for it refers to a mortgage which is higher and better evidence. Besides, it does not appear that the condition was ever performed.

*N. Williams,* contra. The lessors of the plaintiff having purchased under the execution, are to be deemed to have notice of all irregularities in the process or proceedings. (*Simonds* v. *Catlin,* 2 *Caines' Rep.* 61.) A *fi. fa.* issuing into a different county from that in which the venue was laid, without a *testatum,* is void; so is a *fi. fa.* tested out of term. The statute directs, that the particular day on which the lands became liable for the debt, by reason of the judgment, should be specified in the execution. (1 *N. R. L.* 502. s. 9.) There is here a defect in authority. All the power to take lands in execution, is derived from the statute. (s. 7.)

The registry of the mortgage ought to have been received as evidence; but if not admissible, the *recital* of the

mortgage in the contract executed by the parties, was suffi-
cient, as the lessors were estopped by the recital from deny-
ing the mortgage. (*Gilb. Ev.* 87. *Phillips' Ev.* 356.)

By this contract, the lessors of the plaintiff agreed to
postpone the sale of the premises, until after the time when
they were, in fact, sold.

PLATT, J., delivered the opinion of the Court. The
plaintiff claims title under the sheriff's sale on a *fi. fa.* upon
a judgment in this Court, in favour of *Randall* v. *Thomas
Davis*, which, according to the exemplification by the clerk,
was signed on the 2d of *May*, and filed and docketed on the
22d of *May*, 1816.

The *fi. fa.* directed the sheriff to sell the lands whereof
*Thomas Davis*, (one of these defendants,) was seized on the
2d of *May*, 1816, &c.

There was also another judgment in the Common Pleas of
*Onondaga*, in favour of *Tousley*, against the same defendant,
and a *fi. fa.* thereon, in which a similar mistake appeared in
making the *fi. fa.* overreach the filing and docketting of the
judgment.

This suit was originally against *Thomas Davis* alone, as
tenant in possession, and *Anthony Davis* was admitted as
co-defendant, claiming to be landlord, &c.

The first question on the trial was, whether the mistake
in the executions was fatal? I reserved that point; and in
regard to the first judgment, the clerk now certifies that he
made a mistake in the exemplification, as to the time of
filing the record of judgment; that it was on the 2d, and not
the 22d of *May*, 1816. So that even admitting the objec-
tion at the trial to have been well founded; yet it is now
obviated, and it would be useless to send the cause to a
new trial for that error.

I incline to think, however, that such an irregularity in the
*fi. fa.* would not invalidate the title derived under the she-
riff's sale. I do not perceive that it could injure any
person.

The 2d objection at the trial was, that the deed was exe-
cuted to the lessors of the plaintiff by a *deputy sheriff*, with-
out showing any special authority to do that particular act.
This objection was overruled; and I see no reason to doubt

the propriety of that decision. He was admitted to be, *in*

*fact,* a general deputy ; and that is enough to authorize his executing the deed for the sheriff, as well as any other act which might be done by deputy.

The defendants admitted the actual possession of *Thomas Davis,* one of the defendants; but contended that he had executed a mortgage of the premises to *Anthony Davis,* prior to the judgments under which the plaintiff claimed, and offered the registry of mortgages to prove such mortgage, which was rejected as incompetent evidence.

The defendants then gave in evidence a covenant whereby the lessors of the plaintiff recite that *Thomas Davis* had executed such a mortgage to *Anthony Davis ;* and in which covenant they stipulate, that in consideration that *Anthony Davis* had agreed to allow the judgments to take priority over his mortgage, they, (the lessors of the plaintiff,) would stay executions for two years, from the 9th of *June,* 1817 ; provided the interest on the amount of the judgments should be paid yearly. One year's interest, according to this covenant, fell due on the 9th of *June,* 1818 ; and the premises were sold on the executions, on the 13th of *August,* 1818. No evidence of payment of interest was offered ; nor was there any evidence that the mortgagee had ever come to the actual possession under his mortgage.

The covenant to stay execution is not available in ejectment. If that stipulation was violated, the defendants should have applied to the Court to set aside the execution ; or might have had relief in chancery. But here is no evidence that the covenant was broken on the part of the lessors of the plaintiff. The presumption is, that the interest was not paid ; and, therefore, they had a right to issue execution, &c.

The utmost effect of the covenant, in this action, was to prove, by the recital, the existence of such a mortgage. But even then, the equity of redemption might be sold, and was actually conveyed to the lessors of the plaintiff under those executions; and they are entitled to the possession which the mortgagor holds.

Besides, although the existence of an *absolute deed* or *lease* may be proved by a recital, against the party making

NEW-YORK,
May, 1820.

such recital, and all claiming under him, yet I incline to think that a *mortgage* cannot be so proved, because it is defeasible by payment of the mortgage money; and if produced, it might probably show an acknowledgment of satisfaction on the back of it, that being the usual mode; no release being necessary to restore the title to the mortgagor.

But whether there be such an outstanding mortgage or not, the plaintiff is entitled to recover the possession, as against the mortgagor, whose title, more or less, has been sold to the lessors of the plaintiff on a *fi. fa.* against such mortgagor in possession; and the mortgagee having been made co-defendant, makes no difference, unless it be shown that there was an actual transfer of possession from the mortgagor to the mortgagee, which is not pretended in this case.

We are, therefore, of opinion, that the plaintiff is entitled to judgment.

Judgment for the plaintiff.