## Jackson, *ex dem.* Hill, *against* Streeter.

Ejectment. tried at the Onondaga, circuit, Sept. 1825, to recover the possession of an equal undivided half part of 68 acres of land, in the south east corner of lot No. 74, in Camillus.

The plaintiff proved a deed in for the premises in question, dated September 28th, 1798, from Josiah Buck to John Streeter ; a quit claim deed in fee from Amasa Spalding, junior, and Sarah, his wife, dated 21st January, 1819, of all their right to the premises in question, to Joseph Streeter ; that John Streeter died, seised of the premises in question, 19 or 20 years before the trial, leaving Joseph Benjamin, (the defendant,) Sarah, (wife of Amasa Spalding, junior,) and Joanna, his children and heirs at law ; that the defendant had since possessed the premises. He then proved a judgment against Joseph Streeter in a justice's court rendered July 25th, 1820, for $28 69, which was transcribed, &c. and his interest in the premises in question sold on execution by the sheriff to one Lombard, February 27th, 1821, from whom the lessor of the plaintiff, redeeming *as a junior judg-*

The misrecital of the judgment in a sheriff's deed is not material, provided it appear, in fact, that the sale was under a subsisting judgment and execution.
A recital is no material part of a deed.
But if a recital of the judgment, in a sheriff's deed be necessary ; and it be wrong as to the amount and date of the judgment, but right as to the court, the parties and the test, and return of the execution which

agree with the judgment, this shows a sufficient authority for the sale.
Where one takes by descent as a co-heir and tenant in common, in ejectment by his coheir, or one claiming under him, he cannot show that the ancestor had no title.

ment creditor, received a deed of the sheriff, dated February 17th, 1823. This deed misrecited the day and amount of the judgment, viz. that it was obtained July 20th, 1820, and amounted to $29 72. But the magistrate was rightly named, and the parties, with the test and return of the execution, were rightly recited; and the judgment and execution in fact corresponded in all respects. It was objected that the variance was fatal; but the objection was overruled.

The defendant then offered in evidence the exemplification of a patent from the state for lot. 74, in Camillus, to John Miles, dated 9th July, 1790, which was objected to; and the judge decided that it was not, in itself, evidence of a title out of the lessor of the plaintiff. The defendant also offered to show that Josiah Buck never had any title, which was also overruled. Verdict for the plaintiff.

A motion was now made, in behalf of the defendant, for a new trial.

*J. R. Lawrence*, for the defendant.

*H. F. Mather*, contra.

*Curia*, per SUTHERLAND, J. A competent authority to make the sale appears, if it was, in fact, made under the judgment and execution. That it was made, the evidence leaves no doubt. In *Jackson* v. *Pratt*, (10 John. 381,) the execution was for £66-14-3; and in the sheriff's deed it was recited as an execution for £66-14-3, debt, and £1-14, costs. The court say "the recital was no necessary part of the deed, and a variance would not be material, nor affect the validity of the sale, so long as there was existing a sufficient power to warrant the sale." (3 Ch. Cas. 101, per Holt, Ch. J. 18 John. 7.) A mistake in the recital of a bond will not vitiate it. It is not an essential part of the bond. (9 John. 90. Hob. 130. 3 Ch. Cas. 101. Co. Lit. 352, b.)

I do not understand the judge as having excluded the patent to Miles; but only as deciding that the patent itself, without other evidence, would not show a subsisting title out of the lessor of the plaintiff. In this, I apprehend, he

was correct. The plaintiff had shown a deed for the premises in question from Buck to John Streeter, in September 1789 ; that Streeter went into possession under the deed, and continued in possession until his death, 19 or 20 years before the trial, leaving four children : (the interest of two of them being owned by the lessor ;) and that the defendant, Benjamin, one of the children, has been in possession ever since. This was a good adverse possession against the patent granted in 1790.

<div style="text-align: right">NEW YORK,
May, 1826.

The evidence that Buck, who gave the deed to John Streeter, had no title, was properly rejected on several grounds. John Streeter was the common source of title to both parties. His children, there being no will, are presumed to have taken the premises by descent, as tenants in common. It is not for the defendant to say that the common ancestor had no title, and that his possession is not as tenant in common but in his own individual right.

<div style="text-align: right">New trial denied.</div>