Hitchcock, J.
There is no controversy about the facts in this case. Although not placed before the court in the shape of an agreed statement, still there is no contradiction in the testimony. 487] The facts are fully set forth in the statement of *the case, and the questions thereon will be considered in the ordor in which they naturally arise.
The only defect in the plaintiff’s proof as making a prima facie case, is supposed to be in the sheriff’s deed of November 22, 1836
This deed is objected to on two grounds: 1. That there was no evidence given of a judgment or levy; and 2. That it does not contain the necessary recitals.
As to the first objection, it would have been fatal had it been taken at the time of trial on the circuit. If, however, it had then been made, no doubt the defect of testimony would have been supplied. But the only question then raised was as to the recitals, in the deed, and this was the question reserved, and is the only one which can now be considered.
The law regulating judgments and executions requires that the “deed of conveyance to be made by the sheriff or other officer, shall recite the execution, or the substance thereof, and the names of the parties, the kind of action, the amount and date of term, of the rendition of each judgment, by virtue whereof said lands and tenements were sold,” etc. The deed in the present case recites the execution and the names of the parties as therein stated, but in referring to the judgment does not again recite their names, neither does it state the amount of the judgment, except as it ap7 pears upon the execution. It recites sufficient to show that the officer had authority to sell, and this we hold to be all that is necessary, although in every instance it would be well for a sheriff or other officer to follow literally the provisions of the statute. So far as the statute makes provision for any recitals beyond what is necessary to show an authority to sell, we consider it as directory merely, and it was so decided in the case of Armstong v. McCoy, 8 Ohio, 128. Such being the opinion of the court, the objection to the sheriff’s deed is overruled, and this deed, in connection *438, 439 with the previous evidence, makes a prima facie case for the plaintiff.
The defendant, to rebut this case made by the plaintiff, relies: 1. Upon the deed made by Doty to Strong in 1815; *2. Upon [438 the tax sale of 1827, and the deed made in pursuance thereof in 1830. "Whether the defendant has connected himself with the title derived from these deeds is immaterial. If the deed of 1815 divested Doty of all legal title to the land; or if he was divested of title by the sale for taxes, and the deed made pursuant thereto, the plaintiff must fail, for he clearly has no title, and the rule in ejectment is inflexible, that a plaintiff must recover upon the strength of his own title, not upon the weakness of that of his adversary.
What, then, was the nature of the deed of 1815 ? Upon its face it purported to be an absolute deed of conveyance of the land in controversy. But upon its back it contained the following condition: “Provided nevertheless, if the said Ebenezer Doty, his heirs, executors, or administrators shall well and truly pay to the said Nathan Strong, his heirs, executors, or administrators a certain note of hand dated December 5, 1815, for the sum of $120, payable by December 5, 1816, with interest; now, know ye, that if the said Ebenezer Doty shall well and truly pay, or cause to be paid, the sum of $120, with interest thereon, according to the above and within statement, then this deed is to be null and void, otherwise to be in full force in law.” Had this condition preceded the signature and acknowledgment of the deed, that instrument would have been a mortgage. But it is urged by defendant’s counsel, that as it follows the signature it is no part of the deed, and the instrument can not be considered in law as a mortgagej however it might be in equity. The court, however, entertain the opinion that the legal effect of this deed is the same as if the matter placed upon it and following the signature had preceded the signature. It shows the purpose for which the deed was delivered, and that purpose was as collateral security for the payment of money. And every deed made for such purpose is a mortgage.
Before foreclosure or entry under a mortgage, the mortgagor must be considered as the owner of the land. And it has been repeatedly decided in this court that the interest of *tho [439 mortgagor may be sold on execution, the purchaser taking the *440 land subject to the mortgage. In the case of Jackson v. Willard, 4 Johns. 41, the Supreme Court of New York held that before foreclosure, although the estate had become absolute at law, the mortgaged premises could not be sold on execution against the mortgagee. And in the case of Hitchcock and wife v. Harrington, 6 Johns. 290, the same court decided that the mortgagor, notwithstanding the mortgage, is deemed seized, and is the legal owner of the land as to all persons except the mortgagee and his legal representatives. If the condition of the mortgage be complied with by the payment of the debt secured on the day, an absolute estate never vests in the mortgagee. And even if the mortgagee have taken possession, the mortgagor, upon payment being made according to the condition, or upon tender of such payment, may re-enter. He is reinvested with the full legal title. 2 Pres. Conv. 200, 201; 4 Kent Com. 193; Bac. Ab. 20, 21; Co. Lit. 209.
But whether after a default of payment, whereby the estate becomes absolute in the mortgagee, and the mortgage is subsequently paid off and satisfied, the estate can revert at law to the mortgagor without a reconveyance, is a question of more difficulty. And the question has been decided differently in different states. The ancient doctrine undoubtedly was, that under such circumstances a reconveyance was necessary. And such would seem to be the law in Massachusetts, Connecticut, Virginia, and Kentucky. 8 Mass. 554; 15 Mass. 233; 17 Mass. 419; 2 Day, 151; 4 Rand. 225; 2 Munf. 337. But in New York and Maryland, it has been held that no such reconveyance is necessary. 18 Johns. 7; 5 Cow. 202; 2 Harris & McHenry, 17; 3 Harris & McHenry, 399. And in the case of Gray v. Jenks, 3 Mason, 520, it was held that a satisfied mortgage was so far an extinguished title, that no action would lie upon it in favor of the mortgagee. If wo look at the true nature of the contract and view the mortgage as it really is, a mere security for a debt; if the debt is the principal, and the mortgage the incident, there certainly, as it appears to me, can be no good reason why a MO] discharge of the *debt should not be held to be a discharge of the mortgage, and put an end to the interest of the mortgagee in the land. Such was said by this court to be the case in Hill v. West, 8 Ohio, 222, and we. are disposed to adhere to the opinion therein expressed. We are aware that this is contrary to the old doctrine upon the subject, but we believe it is in conformity with reason and with modern decisions. 4 Kent’s Com. 193. Nor does *441 this opinion conflict with the statute of February 22, 1831, pointing out the -manner in which satisfaction of a mortgage may be entered. If it did, it could make no difference, as the mortgage debt in this case was satisfied long before the enactment of this law.
Apply these principles to the case before the court, and it follows that the defendant can not protect himself under the deed of 1815, as that was a deed of mortgage, and the debt secured by it was paid and satisfied long before the commencement of this suit.
The only remaining question is as to the validity of the tax sale of 1827. It is admitted that this sale was legally made, provided the land was properly entered on the tax duplicate. The quantity of land taxed and sold was 100 acres. It was described as being the north part of lots 7 and 8, section 1, township 13, range 3. The quantity of land in each lot is not specified, and it was sold as an entire tract. The evidence shows that these two lots adjoined each other on the east and west, and there could have been no difficulty in finding the land had it been conveyed by a similar description in a deed.
But although this description might be sufficiently certain in a deed, it does not follow that it is sufficiently certain to sustain a sale for taxes. In order that such sales may be sustained, it is necessary that all the requisitions of the law under which they are made, should have been complied with, and any departure from these requisitions will defeat the sale. Such has been the uniform decision of this court.
The law under which this land was listed for tax and entered upon the tax duplicate, is the act of February 3, *1835, en- [Ml titled “ an act establishing an equitable mode of levying the taxes of this state.” Chase’s Stat. 1476. Section 10 of the act requires of the county assessor to take a list of all property in his county, subject to taxation, and for this purpose it is made his duty to visit each house in the county, etc. In section 11 the list which is to be taken is prescribed. It “ shall particularly set forth the name of the owner or owners, the number of acres of land in each particular tract, lot, section or subdivision thereof; the range, township, section, quarter section, tract, lot or part thereof, or the number of entry, location, survey, or water-course, as the nature of the general or particular surveys may require, so as completely to designate or identify'the same.” The great object here is to have the list so made as to designate and identify the land, and the different modes- *442 of division in the different parts of the state referred to. Whatever that division may be, whether into entries and surveys, or into townships, sections, quarter sections, tracts, or lots, the number of acres in each division, or subdivision, must be separately and. “ particularly set forth.” If the owner of the land does not furnish a list, it is made the duty of the assessor to make it out, and having taken those lists and affixed a value to the property, it is his duty to return an abstract of the same to the county auditor. From this abstract returned, the county auditor was to make out a tax duplicate. That there need be no mistake, section 89 of the act prescribes the forms which shall be made use of by the officers whose duties are prescribed in the act. These forms show, that both in the list and in the duplicate, the precise number of acres in each particular tract or lot, or part thereof, must be particularly set forth.
In the caso now before us this was not done. The description is 100 acres in the north part of two lots. It does not show the number of acres “ in each particular lot,” and is not in this respect in conformity with the law.
No case precisely like the one now before us has ever been decided by the court; but adopting the principles by which we have á£2] been governed in cases somewhat analagous, we must *hold that this tax sale was void, and that the deed made in pursuance thereof conveyed no title.
There being nothing to impair the prima facie case made by the plaintiff, he is entitled to judgment.
Judgment for the plaintiff.