Cooley v. Brayton.

---

### COOLEY v. BRAYTON.

1. EVIDENCE IN AN ACTION TO RECOVER REAL ESTATE. When both parties to an action to recover real estate claim under the same third person, it is *prima facie* sufficient to prove the derivation of title from him without proving his title.

2. OMISSIONS IN SPECIAL EXECUTIONS. A special execution for the sale of property on foreclosure recited: "Whereas, on the 12th day of April, 1862, a decree for the sum of fourteen hundred and sixteen dollars was rendered in the District Court of said county, in favor of B. A. Wahl against Fayette Phillips, in the case of *B. A. Wahl v. Fayette Phillips, Smith Brayton, et al.*, at tho April term of said court, 1862; and whereas, the northwest quarter," &c., was ordered to be sold to satisfy the decree aforesaid, interests and costs, and it appearing irom the records of said Court that there is still due to the said B. A. Wahl on the said decree

the sum of fourteen hundred and sixteen dollars, with interest thereon, at the rate of six per cent per annum, from the 12th day of April, 1862: "You are commanded that of the premises aforesaid, or so much thereof as may be necessary, you cause to be made the sum of ———— dollars, with interest thereon at the rate of six per cent, from the 12th day of April, 1862;" on the back of which were the following indorsements: "Amount, $1,416; interest, $14.16," &c. *Held*, that the omission in the mandatory part of the writ of the amount which the sheriff was required to make did not vitiate or avoid the sale made thereunder.

3. SAME: ALTERATION. The alteration of an execution in an immaterial part, after levy, does not vitiate a sale made thereunder to an innocent party.

4. RES ADJUDICATA. The last decree rendered by the same court, affecting the rights of the same parties, and relating to the same subject matter, governs. A former decree, to be made effective as a prior adjudication, must be pleaded as such.

5. LIS PENDENS. The purchaser of real estate at a foreclosure sale is charged with notice of the rights of the plaintiff in another proceeding to foreclose another mortgage on the same property, and is bound by the decree thereinafter rendered, notwithstanding he was not a party thereto.

*Appeal from Delaware District Court.*

TUESDAY, APRIL 12.

THE plaintiff brought this action to recover the possession of certain real estate. Both parties claim to be the owners in fee under separate foreclosures against one Fayette Phillips. Jury trial, and verdict for plaintiff. Defendant excepted on the trial to the admission of certain evidence and to the refusal to admit other evidence; also to the giving of certain instructions to the jury, and the refusal to give others, and his motion for a new trial being overruled, he excepted and appeals. The other facts essential to an understanding of the questions of law arising in the case and decided by the Court, will appear in the opniion.

*Brayton & Wattson* for the appellant.

I. The Court below erred in admitting in evidence the "books of original entries," when the proper foundation had

not been laid by showing that the original patent was not in the possession or under the control of the party offering it. Rev., 1860, §§ 4048 and 4049.

II. The District Court erroneously held that parol evidence was inadmissible to show that the execution had been altered after it came into the hands of the sheriff, and after the levy had been made. 11 Maine, 177.

III. The execution was insufficient under § 3251, Rev. of 1860, in this that the mandate of the writ omits to require the sheriff to raise any amount of money to be applied on the debt. *Swan* v. *Saddlemire*, 8 Wend., 676; *Bier* v. *Woodbury et al.*, 1 Pick., 362; *Por* v. *Haskell et al.*, 11 Me., 177.

IV. The title of J. M. Brayton was paramount to plaintiff's.

*Cooley & Eighmey* and *Austin Adams* for the appellee.

I. The books of original entries, provided for in §§ 4048 and 4049 of the Revision of 1860, is a certificate within the meaning of § 4055; and the introduction of this book made a *prima facie* case for the plaintiff.

II. The interlineation of which the defendant complains, made no material alteration. The plaintiff had no notice thereof, and it cannot affect his title.

III. As to the omission in the mandate of the execution, if the writ, when considered as a whole, leaves no doubt as to the sum to be made, the defect did not render the execution void. *Carroll* v. *Doolittle*, 2 G. Greene, 385; *Spratt* v. *Reid*, 3 Id., 489; *Martin* v. *Rice*, 16 Texas, 157; *Thornton* v. *Laus*, 11 Ga., 459; *Chase* v. *Plymouth*, 20 Verm., 469; *Avery* v. *Lewis*, 10 Id., 332; *Bank of Whitehall* v. *Peters*, 13 Id., 395; *Miles* v. *Knott*, 12 Gill. & John., 442; *McMahon* v. *Colclough*, 12 Ala., 68; *Doe* v. *Geldort*, 4 How. (Miss.), 267; *Swiggut* v. *Harler*, 4 Scam., 364.

IV. Smith Brayton was a party to Wahl's foreclosure

suit, and J. M. Brayton bought *pendente lite*, and is bound by the decree, which barred the mortgage under which he claims.

DILLON, J.—I. On the trial in the District Court, the plaintiff offered in evidence the book from the Recorder's office entitled "Copies of Original Entries" of land, (for the provisions of law concerning which, see Revision of 1860, §§ 4048, 4049,) to prove that Fayette Phillips entered certain parcels of the land in controversy. It is conceded that the book contained an entry to that effect. To the reception of this testimony, the defendant objected, on the ground that it was secondary evidence, and before it could be properly received, the plaintiff must show that the primary and best evidence, viz.: the patent, was lost or beyond the control of the party offering the evidence. The Court over-ruled the objection and admitted the testimony to which the defendant excepted. Whether this ruling of the Court was, at the time it was made, correct, became wholly immaterial in the subsequent stages of the cause, and when it was afterwards made one of the grounds of a motion for a new trial, it ought to have been, as it was, even on the assumption of its incorrectness, disregarded. The whole evidence is before us, and from it, it is indisputably clear that both the plaintiff and defendant, as will be more fully shown hereafter, claimed to derive title from the said Fayette Phillips as a common grantor and from no other source. The plaintiff claimed title under the foreclosure of a mortgage from Phillips to Randall, and by Randall assigned to Wahl, executed and recorded September 22d, 1857, and designated in this opinion as the Wahl mortgage. The defendant claimed title under the separate foreclosure of another mortgage, subsequent in date to the Wahl mort-gage, executed by Phillips to one Smith Brayton. When these facts transpired the plaintiff was relieved of the neces-

sity of tracing the legal title from the United States down to his grantor, and we are also relieved of the necessity of determining, whether the evidence was for this purpose properly admitted. The rule is thus succinctly stated by Mr. Greenleaf: "Where both parties claim under the same third person, it is *prima facie*, sufficient to prove the derivation of title from him, without proving his title." 2 Greenl. Ev., § 307. And the plaintiff's case is within none of the exceptions to the rule.

II. On the trial, the plaintiff read in evidence the decree of the Delaware District Court, at the April Term, 1862, foreclosing the Randall-Wahl mortgage, dated, as before stated, on the 22d day of September, 1857. This decree will be hereafter alluded to in the consideration of other questions arising in the present cause. The plaintiff then offered in evidence the special execution issued on the said decree, and upon which the land in dispute was sold, and at which sale the plaintiff (Cooley) became the purchaser, and received the sheriff's deed. The defendant objected to the admission of this execution as evidence, because the same "was defective in not requiring the Sheriff to make any money on the said decree." The execution recites that: "Whereas, on the 12th day of April, 1862, a decree for the sum of fourteen *hundred* and sixteen dollars [we italicize the word "hundred" above, being the word to which the next assignment of errors related] "was rendered in the District Court of said [Delaware] county in favor of B. A. Wahl against Fayette Phillips, in the case of *B. A. Wahl* v. *Fayette Phillips, Smith Brayton et al.*, at the April Term of said Court 1862," "and whereas, the northeast quarter," &c., [here describing the land correctly] "was ordered to be sold to satisfy the decree aforesaid, interest and costs; And it appearing from the records of said court that there is still due to the said B. A. Wahl, on said decree, the sum of fourteen hundred and sixteen dollars with

interest thereon at the rate of six per cent per annum from the 12th day of April, 1862; You are hereby commanded that of the premises aforesaid, or so much thereof as may be necessary, you cause to be made the sum of ———— dollars with interest thereon, at the rate of six per cent from the 12th day of April, 1862," and certain named accruing costs. Indorsed: "Amount $1,416, Interest $14.16," &c.

We cannot agree with the counsel for the appellant, that this writ did not "require the sheriff to make any money on the said decree;" that it was void, and consequently the sale thereunder to the plaintiff would confer no title. The decree, the time at which, and the court by which it was rendered, the names of the parties, the land to be sold. are not only intelligibly, but fully and accurately described, The amount of the decree and the amount still due thereon were specifically stated in the writ twice, and it would seem also indorsed upon it by the clerk. Taken as a whole the blank as to the amount in the command, is readily supplied. Under these circumstances the mere misprision of the clerk to fill this blank and repeat the amount a third time would not invalidate a title acquired at a sale under the writ. The writ was in substantial compliance with § 3251 of the Revision of 1860, conceding, for the argument, that the requirements of this section are imperative and not simply directory. The last clause of this section is as follows: " If the suit be against the property of the judgment debtor, it shall require the sheriff to satisfy the judgment and interest out of the property of the debtor subject to execution." Errors of this nature do not vitiate or avoid titles acquired under the writ, especially when insisted on by third persons and collaterally. *Peck* v. *Tiffany*, 2 Com., 451; *Jackson* v. *Streeter*, 5 Cow., 529; *Humphrey* v. *Beeson*, 1 G. Greene, 214; *Sprott* v. *Reid*, 3 Id., 489; *Dean* v. *Goddard*, 13 Iowa, 292; *Perkins* v. *Dibble*, 10 Ohio, 434,

437; *Swiggart* v. *Harber*, 4 Scam., 364; *Doe* v. *Gildort*, 4 How. (Miss.), 267; *McMahan* v. *Colclough*, 2 Ala., 68; *Miles* v. *Knoll*, 12 Gill & J., 442; *Bank, &c.* v. *Pettes*, 13 Verm., 395, and cases cited. Cases where the writ is simply erroneous and irregular are to be distinguished from cases where it is void; as in *Peter* v. *Haskell*, 11 Me., 177, the writ was held to be, for want of seal.

III. The defendant offered to prove that the execution above described "had been interlined after the same had been issued and after the levy had been made thereon by the sheriff, by the insertion of the word '*hundred*' where the same first occurs in the said writ, without any order or direction from the Judge or Court." This testimony was excluded, and this is the next error assigned by the appellant. The proposal was not accompanied by any offer to show that the plaintiff in the writ (Wahl), or his assignee (Cooley, the present plaintiff), made the alteration, or knew of it; or that it wrought any injury, or was made with any intent to defraud. On the contrary, for aught that appears, it might have been made by a stranger, or what is more probable, by the clerk himself, without plaintiff's knowledge or consent. Add to these circumstances the fact that the word alleged to have been inserted was immaterial, as the same amount is stated in a subsequent portion of the writ, as to which it is not claimed that there was any alteration, and it is manifest that the proposed evidence was properly rejected. See *Merrick* v. *Wallace*, 19 Ill., 486, where it was held that an alteration of a public record could not affect an innocent party. *Keyes* v. *Chapman*, 5 Conn., 169; *Roberts* v. *Church*, 17 Id., 142. The case of *Brier* v. *Woodbury*, 1 Pick., 362, cited by appellant, does not militate with the above view. This was a case where the execution was altered in a most material respect by an ex-deputy sheriff, who being a constable at the time he received the writ addressed to him as deputy sheriff, fraudulently and without consent, inserted

a direction in the writ authorizing him as constable to collect the money, and it was considered that the writ was the same, "as though no such direction appeared," and per consequence that payment to him did not discharge the debt.

IV. The instructions of the Court given and refused, present questions as to the validity, nature and conclusiveness of the decrees in the two separate foreclosures against Fayette Phillips *et al.*, the plaintiff being the purchaser at the Wahl foreclosure, and the defendant at the Smith Brayton foreclosure. The Smith Brayton mortgage was the junior mortgage, and suit was brought by him on the 8th of February, 1859, to foreclose the same. Phillips, the mortgagor, and others were made parties, and the decree recites that Wahl was a party. It is claimed by the appellee that Wahl was not a party, inasmuch as he was not personally served, made no appearance, and was materially misnamed in the printed notice of publication, being named *Wahe* instead of Wahl. The printed notice not being before us, we are not able to determine the validity of this objection in point of fact, and in the view we take of the case, the question is not of controlling materiality. From the record before us, it appears that on the 6th day of September, 1859, Smith Brayton obtained his decree of foreclosure against Phillips as mortgagor and Wahl and others as incumbrancers. His petition is not before us, so that we can see what it alleged as to the Wahl interest in the mortgaged premises. But by the decree, which was by default, it is, *inter alia*, ordered "that the said defendants and all persons claiming or to claim any interest in said lands from, or under them, and all persons having a lien *subsequent* to said mortgage [of Smith Brayton] by judgment or decree, and all other persons claiming any interest in said premises subsequent to the recording of said mortgage, &c., be forever barred," &c.

It is not material to determine whether this decree was intended to bar the Wahl mortgage, that being dated and recorded *prior* to the Smith Brayton mortgage. We put the case on the most favorable ground for the appellant and assume that this decree did purport to bar and foreclose Wahl. On the 27th day of December, 1859, the appellant (John M. Brayton) purchased the real estate in controversy under this decree, which thus becomes the foundation and source of his title. It now becomes necessary to recur to the Wahl mortgage and the proceedings thereunder, that being the foundation and source of the plaintiff's title. In the July before Smith Brayton obtained his decree, viz.: on the 28th day of July, 1859, Wahl commenced to foreclose his mortgage, making Phillips, Smith Brayton and others, parties defendant. Wahl distinctly alleged in his petition " that the said Smith Brayton has a mortgage on the same property, which was executed and recorded *subsequent* to the mortgage of your orator." On the 5th day of September, 1859 (the day before his final decree was rendered), Smith Brayton files an answer admitting that he has a mortgage; denies the allegation that it was subsequent to Wahl's, but on the contrary says it was executed and recorded prior to his. Although this suit remained pending for over two years after Smith Brayton obtained his decree, he never filed any answer setting up that decree, or insisting on the priorities which it is now claimed that decree gave him. John M. Brayton was not a party to the Wahl foreclosure. On the 12th day of April, 1862, Wahl obtained his decree. There was an express adjudication of the respective rights of Wahl and Smith Brayton, the Court finding and decreeing the lien of the plaintiff's (Wahl's) mortgage to be " prior and paramount to the lien of the said Smith Brayton." This is the last decree, and it is conclusive on Smith Brayton. If the question of priority had been before

adjudicated by the Smith Brayton decree of September 6th, 1859, it was Smith Brayton's duty, if he relied on that adjudication, to have set it up as an answer to Wahl's claim of precedence in his petition. He failed to do so, and he is, beyond all question, bound and concluded by the latter decree, which declares him a subsequent incumbrancer and bars his equity. *Campbell* v. *Ayers*, 1 Iowa, 257.

We have now reached the question, whether this decree was equally binding, or binding at all on the appellant, he not being a party thereto. He purchased *pendente lite* and is constructively bound. At the date of his purchase not only had the Wahl foreclosure proceedings been commenced, but Smith Brayton (under whom the appellant claims) had answered therein. Under these circumstances the appellant was not a necessary party upon the general principles of equity practice. "Incumbrancers who become such *pendente lite*, are not deemed necessary parties, although they are bound by the decree; for they can claim nothing except what belonged to the person under whom they assert title, since they purchase with constructive notice; and there would be no end to suits if a mortgagor might, by new incumbrances, created *pendente lite*, require all such incumbrancers to be made parties." Story's Eq. Plead., § 194. Grounded upon the same reasons, the same rule would apply to purchasers *pendente lite*. We may remark, in passing, that, by the Revision, which, however, did not go into effect till September, 1860, the doctrine of *lis pendens* has even been enlarged; and it is enacted that when a petition is filed affecting real estate, and " while it is pending, no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's title." §§ 2842, 2843. Coincident with the views above expressed were those of the learned judge who tried the cause below, as shown by his directions to the jury;

and those directions were, therefore, in the opinion of this court, correct.

Judgment affirmed.