Day, J.
The case depends on the determination of a single question, viz.: Was the judgment rendered at the-November term, 1870, against John C. Logan, of such a character as to constitute a lien on his lands ? If it became- *379 such a lien, it is prior to that of Mrs. Logan, which was-subsequently acquired.
Judgment liens exist only by statutory creation. Before-the code of civil procedure took effect, both judgments at law and decrees in chancery were statutory liens on the lands of the debtor in the county where they were rendered. The code abolished the old forms of remedy in both law and equity proceedings, and substituted therefor one mode of procedure, called a civil action, the final determination of which is called the judgment. All remedies, whether of a legal or equitable character, are, therefore, now obtained by a judgment in the civil action of the code. Section 421 makes the judgment a lien on the lands of the debtor in the county where it is rendered.
The form of the pleadings, in the case in which the-judgment constituting the lien in question was rendered,, was such as to warrant a judgment against John C. Logan for money, although equitable relief was also sought by both the petition and cross-petition. A judgment for money, rendered, in such cases, constitutes a lien on the debtor’s land as effectually as it would have done had the action been for money only. McCarthy v. Garraghty, 10 Ohio St. 438.
The amount of money due to the plaintiff from John C. Logan, was not disputed; but the controversy related to-the equitable rights of the parties. Accordingly, the form of the judgment corresponds somewhat to a decree in chancery. It finds the amount due to the plaintiff from Logan, and the facts relating to the equitable rights of the parties, and Logan is adjudged to pay a specified sum of money, and, in default thereof, execution is awarded to collect the same, and the entry proceeds to a full and final adjudication and disposition of all the matters in controversy. Nothing remained to be done but to execute the judgment. The action of the court in the case was in no sense interlocutory, but was final and conclusive.
Section 370 of the code, defines a judgment to be “the-final determination of the rights of the parties in an ac~ *380 tion.” Though not in the best form, the judicial entry in question answers, in substance, this definition of a judgment; it was, therefore, a judgment within the meaning of the code. It was a judgment for the payment of money, final between the parties, upon which an execution was expressly awarded. The delay of execution and payment to the clerk, provided for, worked no change in the finality of the judgment between the parties. It was, nevertheless, a final and conclusive determination of all the matters in controversy between them, and put an end to the action. Those provisions merely relate to the mode of the execution of the judgment. The judgment, then, was one which, within the meaning of the code, became a lien on the debtor’s land in the county where it was rendered. The court below- held otherwise, and, in so doing, fell into an error, for which its judgment must be reversed.

Judgment reversed.