Stewart, J.
This case is submitted to us upon a motion to dismiss the appeal upon two grounds: First, that no bond for the appeal was given as required by statute; and second, that the cause is not appealable. The petition asks a judgment against the defendant upon two promissory notes, of which copies are set forth in the petition, and the foreclosure of a mortgage given to secure the same. The answer in substance is, that the notes and mortgage described in the petition were given to the executors of ¥m. Hardaere, predecessors of the plaintiff, for the balance of the purchase-money of the land described in the petition; that this land was sold by the executors to the defendant under and by virtue of the provisions of the will, and not otherwise; that defendant paid them $1,600.00 on the purchase-price at the time of the sale; that thereafter, upon suit brought, the will of ¥m. Hardaere was set aside, and his executors turned over to the plaintiff upon his appointment as administrator, the money, notes and mortgages in their hands, and asks a judgment for the money so paid to the executors. It further alleges that upon the death of Wm. Hardaere his real estate descended to certain persons, whose names are given, as his heirs at law,, who claim to have an interest and estate in the premises, and prays that they may be made parties and required to set up their interest; that by the deed of *6 the executors to defendant they covenanted that they were the true and lawful owners of the premises; had full power to convey; that the title was free, clear and unencumbered, and that they would forever warrant and defend the same, and that by the setting aside of the will defendant's title has failed, the covenants in the deed have been broken, and the consideration for the notes and mortgage described in the petition has failed, and avers the readiness of defendant to surrender the premises to the person entitled thereto.
The demurrer of plaintiff to this answer was sustained by the court below, and thereupon a judgment for $3,779.00, was entered in favor of the plaintiff, and an order that unless that sum was paid within ten days, au order of sale should issue The defendant gave notice of his intention to appeal, and the court fixed the amount of the appeal bond at $150.00, and a bond in that amount was given. This bond was insufficient in amount, as under Rev. Stat., sec. 5230, the bond should have been in double the amount of the judgment. But this would not authorize this court to dismiss the appeal, at least not until an opportunity to amend the bond in accordance with the provisions of the Rev. Stat., sec. 5233, had been given appellant, and he had failed to comply with the order •of the court in that regard.
"We think the motion should be sustained upon the ■other ground. This action was brought under the provisions of Revised Statutes, section 5021, for a judgment for the money claimed to be due upon the notes, and to foreclose the mortgage given to secure the payment of the same. In such case, the statute provides: “Such proceedings shall be had, and judgment rendered thereon, as in a civil action for the recovery of money only." The answer in this case presents no equitable defense, for it asks for a judgment for the money paid upon the property, and setting up the outstanding claims of the heirs of Wm. Hardacre, pleads want of consideration for the notes by reason of the failure of the title. The heirs are not made parties, and file no pleadings. The *7 holding in Ladd v. James, 10 Ohio St. 437, made before the passage of this act, was that in a suit upon a note and-mortgage, where a personal judgment was asked upon the note, any issue of fact which affects the judgment upon the note, was triable by a jury, and there could be no appeal. It is said in Maholm v. Marshall, 29 Ohio St. 611, by Gilmore, J., at page 616, that the doubt expressed in McCarthy v. Garraghty, 10 Ohio St. 438, upon the propriety of joining in one action two causes of action, one upon the note, and the other upon the mortgage with a prayer for a judgment upon the note and a foreclosure of the mortgage, led to the enactment of the act of February 19, 1864 (S. & S, 575), now Rev. Stat., sec. 5021. This doubt seems to have arisen in the minds of the court in the case of Ladd v. James, supra, but the enactment of the statute seems in the opinon of McCauley, J., in Spence v. Ins. Co., 40 Ohio St. 517, 520, to have been a work of superogation. If this was the only purpose of this statute, then the case of Ladd v. James, supra, is decisive of the question of appealability of this case, and requires the sustaining of this motion. The doctrine laid down in this last case has never been questioned or doubted in Ohio so far as we know, although it has been explained in Buckner v. Mears, 29 Ohio St, 514, and some other cases, but none of these cases is in conflict with any of the principles there announced.
In the cáse at bar the plaintiff insists upon, his money judgment, and the only issue of fact was joined upon that branch of the case, and the fact that he also sought the foreclosure of his mortgage in a separate cause of action, would not deprive the parties of a jury trial upon that issue; and from the judgment rendered thereon, no appeal would lie. Brundridge v. Goodlove, 30 Ohio St. 374.
But in our judgment, there exists a stronger reason for sustaining this branch of the motion, for we are of the opinion that a civil action, brought under the provisions of section 5021, against a party personally liable for the debt secured by the lien, is by that section governed in all respects, after its *8 commencement, by tlie law governing civil actions for money only, and if no equitable issue is made by the subsequent pleadings, no appeal will lie. Revised Statutes, sections 5130, 5226. We think our-views of this statute are justified by the reasons given by the Supreme Court in the cases of Corry v. Gaynor, 21 Ohio St. 277, and Fleming v. Kirkendall, 31 Ohio St. 568, why those cases did not fall within the provisions of section 5021, and were therefore appealable. For the reasons given, the first branch of the motion will bo overruled, and the second branch sustained, and the appeal dismissed.
Oscar T. Martin, for motion.

FCeifer and FGeifer, contra.