Smith, J.
The plaintiffs in this case have filed a motion to dismiss the appeal of Alice Drake, on the ground that the action was one in which an appeal cannot be taken.
The allegations of the petition were substantially these : It is averred that one J. H. Pjp^ll, as principal contractor, had agreed with Alice Drake, tlfe owner of a leasehold estate, to erect a house thereon for her, add that plaintiffs, as sub-contractors under Powell, did carpenter work thereon under a verbal contract with him, and also did other incidental and extra work thereon under an agreement with Alice Drake herself; and finished all of said work on July 15, 1892, on which day there was a balance due him of $113; that on July 30, 1892, they presented to Mrs. Drake a sworn and itemized *309 account of said work, and the amount and value of said labor, and took the other legal steps necessary to make their claim as sub-contractor’s good against Alice Drake. Such bill not being disputed by Powell within ten days, and payment thereof not having been made by her, that, on August 13, 1892, they filed a lien as sub-contractors against the .lot on which the building was erected, and which is specifically described in the petition, for the $113 and interest. Then follows an allegation that defendants, Klockenbrink, J. M. Drake and Frank Drake, had some interest in the premises, and they are called on to set it up or be barred therefrom.
The prayer is, “ Wherefore, plaintiffs ask for a judgment against said Alice Drake for the said sum of $113, and interest from July 15, 1892, and for costs. Also, that said premises may be sold, and the proceeds thereof applied to pay said demand of plaintiffs, and for such other relief as is just.”
To this petition Alice Drake filed an answer containing several defenses. The first was, in substance, a general denial. Second, that the lien was not taken in time, and that all the work done for her by the plaintiffs had been fully paid for. Third, that before any copy of plaintiffs’ account had been filed with her, she had paid Powell in cash or accepted orders, all that became due to him under their said contract. The reply of the plaintiffs in effect denied all of these new allegations.
J. L. Drake filed an answer averring that his wife, Alice Drake, was the owner of the leasehold in question, and denied the allegations of the petition, 'but averred no interest in the controversy. F. K. Drake filed a general demurrer that the petition did not show any cause of action against him, which was sustained, and he was dismissed from the case. No. pleading was filed by the other defendant, and the case was tried solely upon the issues between plaintiffs and Alice Drake. The court found in favor of plaintiffs, and gave judgment that the lien be enforced. Alice Drake gave no *310 tice of her intention to appeal, and filed an ajxpeal -bond accordingly.
AT. W. Conway, for the motion.

IL. J. Buntin, contra.

On this state of fact we are of the opinion that the plaintiffs, by their petition, sought both a personal judgment against Alice Drake, and a foreclosure of the mechanic’s lien taken on the lot to secure their claim; and therefore, that under the decision in the case of Ladd v. James, 10 Ohio St. 438, it was a case in which either of the parties, in so far as regarded the claim for a personal judgment, was entitled to a trial by jury, and, therefore, as between her and the plaintiffs, (and the only issue was between them), neither of the parties could have an appeal in the case. See also, 23 Ohio St. 579, and 30 Ohio St.. 374. It is true that in this case the petition did not separately state and number the causes of action, one on the money demand, and the other on the lien, as should have been done if it was desired to have the personal judgment and the foreclosure also; but if the defendant, by motion, had asked this to be done it should have been so ordered ; but no such motion having been made, tbe fault in pleading is waived, and the parties having proceeded to trial without objection, if the facts warranted it, a personal judgment might have been entered against Mrs. Drake, and a sale of the real estate ordered to pay the same. It is the ordinary case of an assertion in one action, under section 5021, Revised Statutes, of a claim for a money judgment, and for the enforcement of the specific lien securing it. That the personal claim of a sub-contractor against the owner of property, to recover from her the amount due to the principal contractor, is a money demand, and, therefore, a legal instead of an equitable demand, is settled by the case of Dunn & Witt v. Kanmacher, 26 Ohio St. 497, and is not appealable. The motion to dismiss the appeal must therefore be sustained.