Wood, J.
The facts in this case, as they are admitted by counsel, or appear from the evidence submitted, are briefly these :
In 1836, the plaintiff filed his bill in chancery against Josiah Tallmadge, in which he set up the indebtedness of Tallmadge to the amount of §1,200 or $1,500, and the assignment by Tallmadge to the plaintiff of a certain contract for two hundred and twenty-five acres of land, held by Tallmadge against Wolcott and others, to secure said indebtedness. . Also, that Tallmadge had executed-to him certain bills of sale of divers articles of jmrsonal property for the same object, the personal property being left in the possession of Tallmadge.
The bill prayed for the sale of the equitable interest of Tallmadge in the land, and also of the personal property, and that the proceeds might be applied to the payment of the plaintiff’s debt.
Tallmadge answered the bill, and such proceedings were had *374 that a decree was afterward pronounced in the court of common pleas of Huron county, in favor of the plaintiff. From this decreo Tallmadge appealed, and executed the appeal -bond, on which this suit was brought, with Jefferson and Cooke as securities.
The condition of this bond, as set out in the declaration, is, “ that if the said Tallmaldge shall pay the full amount of the condemnation money, in the Supremo Court, and costs, in case a decree shall bo entered therein in favor of the appellant, said writing obligatory to be void, otherwise of force,” etc.; and the declaration avers the usual breach in similar cases.
At the July term of the Supreme Court, 1837, Hamilton obtained a decreo against Tallmadge, The decree finds there'if. *due the complainant some $1,500, and an interlocutory de> creo directs the respondent’s interest in the contract for 225 acres of land and the personal property, if the same remain on hand, tobe sold, and the avails to bo applied in payment of the complainant’s debt, and also the costs of suit, taxed at twenty-eight dollars and forty-eight cents.
On these facts we entertain the opinion that the plaintiff is not entitled to recover. There is no broach of any condition in the bond of the defendants. Their obligation is to pay the condemnation money and costs, in case á decree should be entered in the Supreme Court in favor of the appellee.
In this decree there is no condemnation money. Tho appellant is condemned to pay nothing. The decree merely finds the amount due and directs the sale of the securities for its discharge. The proceedings are not technically, it is true, but substantially, in rem. The property is converted to pay the debt. The decree is inoperative beyond this. No execution can issue on such finding against Tallmadge, for ho is not decreed to pay anything.
The whole object of the decree seems to have been attained by the sale of the securities. By the terms of the decree nothing now remains to be done by Tallmadge; and if no liabilities rest on him, it is difficult to see on what principles the securities are to bo subjected on the appeal bond.
A decree might easily have been so framed that any balance due after the sale, and application of the proceeds of the securities, would have been a debt of record, having the same force and effect as a judgment at law, and on which execution might have *375 issued. The amount found due in the case at bar is, however, but a predicate on which the decree for the sale of the securities is founded, and is not a decree for the payment of money by Tallmadge, the respondent. Judgment of nonsuit.