## MORRISON W. PHELPS *v.* JOEL COUSINS.

1. A part owner of a partition fence, who fails to keep in repair the part assigned to him, whereby stock from the adjacent inclosure breaks and enters upon his lands, is without remedy.
2. If the stock doing damage in such case be breachy or unruly, the party damaged, in order to recover therefor, must show that the defect in his part of the fence was not the proximate cause of the damage.

MOTION for leave to file petition in error to the District Court of Lorain county.

The original action was brought by the defendant in error against the plaintiff in error to recover for a trespass upon the plaintiff's lands by the defendant's horses. The case shows that the parties were adjoining land-owners, and their respective inclosures were separated by a partition fence, of which each party by agreement was to keep a designated portion in repair. The defendant's horses being pastured in his own inclosure, broke through the partition fence into the plaintiff's inclosure, and committed the trespass complained of.

Testimony was offered tending to prove that the defendant's horses were habitually breachy and unruly, and that the breach was made through that portion of the fence which the plaintiff was bound to keep in repair, and which he had suffered to become out of repair at the place where they entered.

On the trial, and in view of the above state of facts, the court of common pleas charged the jury " that if the defendant's horses were habitually breachy and unruly, and being thus habitually breachy and unruly, broke and entered the close of the plaintiff over and through that portion of said fence that said plaintiff was to keep up and in repair, he is entitled to recover for such entry, whether his fence was sufficient to restrain stock not unruly or not."

Allison & Townley v. Porter.

To this charge the defendant excepted; verdict and judgment being rendered for the plaintiff, and affirmed by the district court on error, this proceeding is prosecuted to reverse the judgments below for alleged error in the above charge to the jury.

*N. L. Johnson*, for the motion.
*John C. Hale*, of *Hale & McLean*, contra.

BY THE COURT. In order to sustain the charge, it is necessary to assume as matter of law that the defendant's horses would have committed the alleged trespass, notwithstanding the plaintiff's portion of the fence had been such as a good husbandman ought to keep.

This assumption we are not authorized to make.

The plaintiff below having undertaken to keep this part of the fence in repair, and having failed to do so, must be regarded as contributing to his own injury, unless it be shown as matter of fact that the alleged trespass would have been committed if the fence had been such as a good husbandman ought to keep, and whether such fact existed, should have been left to the jury to determine.

*Leave granted; judgments reversed, and cause remanded.*