## W. C. MAHOLM v. ALEXANDER MARSHALL ET AL.

1. Where a petition had been filed and the defendant thereupon filed a motion to strike from the files all the papers filed in the action for irregularities and defects: *Held*, that this was an entering of his appearance in the action by the defendant.

2. In an action for the foreclosure of a mortgage, in which the plaintiff, under the act of February 19, 1864 (S. & S. 575), also asks a personal judgment for the money due, such judgment may be rendered against a defendant served with process in a county other than that in which the lands lie and the action is brought; and the fact that the amount claimed to be due was indorsed upon the summons served did not vitiate the process.

MOTION for leave to file petition in error to reverse the judgment of the District Court of Perry county.

The action was brought in the court of common pleas by Marshall against Maholm and Taylor. The petition contains but a single cause of action on the notes of Maholm, secured by a mortgage of lands in Perry county, where the action was brought, and prays a personal judgment against Maholm for the amount of the notes, and for an order to sell the lands mortgaged. It is also averred that " Taylor claims to have some interest in the premises, the exact character of which is unknown to the plaintiff."

A summons was issued to the sheriff of Licking county, and was served upon the defendants in that county; but whether or not they were residents of that county does not appear.

The only indorsement on the summons is as follows: "Amount claimed, $9,667, and interest from November 10, 1872."

The defendants, on the return of the summons, promptly filed a motion in these words: "And now come said de-

fendants, by J. B. Jones, their attorney, and move the court to strike from the files the summons and return thereof, for the reason that said summons is issued upon a precipe for the recovery of money only, and neither said precipe nor said summons mentions a foreclosure of a mortgage; and, generally, said defendants move to strike from the case all the papers herein filed, on the ground of irregularities and defects. By J. B. Jones, their attorney." This motion was overruled by the court, and exceptions taken by the defendants. No defense being interposed, the court rendered a personal judgment against Maholm for the amount due upon the notes, and, in default of payment, ordered the premises to be sold. On error to the district court, prosecuted by Maholm alone, the judgment of the common pleas was affirmed.

This is a proceeding in which Maholm seeks the reversal of the personal judgment against him, on the ground that the court of common pleas had no jurisdiction over his person when the judgment was rendered.

*Smythe & Sprague*, for the motion, claimed that the court had no jurisdiction over the person of the plaintiff in error, and had no lawful right to render a personal judgment against him.

The act of 1864 (61 Ohio L. 9) must be construed to apply only where the court, under the code, has jurisdiction over both the land and the person.

If the court could not acquire jurisdiction over a person in another county by a single suit on the notes (and of this we think there can be no question), how is the case altered by simply praying a personal judgment in a suit to subject land? There is no necessary connection between these two causes of action. Section 53 of the code provides that actions on promissory notes "must be brought" in the county where the defendant resides or may be summoned.

The object of the act of 1864 was to preserve the right to a personal judgment in proceedings to foreclose in cases

where the mortgaged property had passed to strangers, and can not be applied in a case like this. 4 Ohio St. 435.

2. The motion interposed on behalf of the plaintiff in error is not such an appearance as waives the objection to the jurisdiction. It was substantially an objection to the jurisdiction for the reasons above presented. It is no plea to the action or to its merits. *Allen* v. *Miller*, 11 Ohio St. 374; *Dunn* v. *Hazlett*, 4 Ohio St. 433.

*John S. Brasee*, contra, argued that the personal judgment against Maholm was properly rendered, because : 1. Section 53 of the code, as amended (70 Ohio L. 138), must be construed with the act of February 19, 1864. The' latter act modified the former. This modification is in accord with the whole policy of the law. It tends to avoid a multiplicity of actions. 2. If the court did not have jurisdiction to render a personal judgment by virtue of the service in Licking county, it obtained such jurisdiction by his appearance and filing of the motion to strike the papers from the files.

That the filing such motion did effect the appearance of Maholm, see *Evans* v. *Iles*, 7 Ohio St. 233; *Shaffer* v. *Waldo*, 7 Ohio St. 309.

The indorsement of the amount claimed on the summons was in strict conformity to law. The act of February 19, 1864 (S. & S. 575), which authorizes a personal judgment to be asked and had in this action, contains these directions : " And such proceedings shall be had, and judgment thereon, as in other civil actions for the recovery of money only."

Now, the only difference in the forms of the proceedings before judgment in actions for the recovery of money only and other actions is, that, in the former, summons must be indorsed with the amount claimed. And unless this statute be construed to require such indorsement in cases like this, it, or at least the words " and such proceedings shall be had," - can have no effect whatever. These words must mean this, or they have no meaning at all. The indorse-

ment was, therefore, not only proper, but necessary.  21 Ohio St. 149.

GILMORE, J.  After the service and return of the summons, the defendants, without protesting against submitting themselves to the jurisdiction of the court, filed a motion to strike from the files the summons and return thereof, etc., " and generally said defendants move to strike from the case all the papers herein filed, on the ground of irregularities and defects."  Even on the hypothesis that the summons and service were defective, the clause of the motion just quoted reached back of the summons, and struck at the regularity and sufficiency of the petition filed in the action.  This, we think, was an appearance of the defendants in the action, and precluded them from denying the jurisdiction of the court on the ground that the summons or service was defective.  *Evans* v. *Iles*, 7 Ohio St. 233.

This holding would be sufficient to dispose of the case, and authorize the overruling of the motion; but inasmuch as counsel have discussed another question that is in the case, and which is deemed of practical interest to the profession, we will express our views upon it.

The notes mentioned in the petition were made and delivered by Maholm alone, to the plaintiff below.  If the action had been brought against him alone on these notes for the recovery of money only, jurisdiction of his person could not have been acquired by the court in Perry county, by the service of summons in another county.  Civil Code, sec. 53.

But the notes were secured by a mortgage executed and delivered by Maholm to Marshall upon lands situate in Perry county; and in the action the plaintiff below sought a foreclosure of the mortgage, and also a personal judgment on the notes, against Maholm.  The defendant, Taylor, does not join in the proceedings in error, nor is he interested in the questions raised by Maholm upon the record.

For the purpose of foreclosure, the court in Perry county unquestionably had jurisdiction of the action, and for this

purpose the service of a summons without any indorsement, upon Maholm, in Licking county, would have been sufficient. Civil Code, sec. 58.

· According to the chancery practice in this state previous to the adoption of the code; a proceeding to foreclose was a proceeding in one sense both *in personam* and *in rem*. It was a proceeding *in personam*, because it sought to charge the defendant with a debt.

An account had to be taken against the defendant before the property was subjected, and the account thus found became a debt of record against the defendant; and when personal service had been had, the decree was so framed, when desired, that after the mortgaged property was exhausted, execution could be had on the decree for the balance remaining due, as upon judgment at law. *Hamilton* v. *Jefferson*, 13 Ohio, 427; *Myers* v. *Hewitt*, 16 Ohio, 449; *Moore* v. *Starks*, 1 Ohio St. 369.

The practice in this respect was not changed by the code as originally adopted, and where no additional remedy is desired, it is still proper under the code, where personal service has been had upon the party liable, for the court to award execution as upon judgments at law for any balance remaining due after exhausting the mortgaged premises. This practice was justified on the ground that it rendered an action at law upon the notes unnecessary where the plaintiff only desired execution for the deficiency *after* exhausting the mortgaged premises; but an execution in *advance* of the sale on foreclosure could not be had in such cases.

In *McCarthy* v. *Garraghty*, 10 Ohio St. 438, which was decided in 1859, it was held, in substance, that where no objection was taken on the ground of misjoinder of causes of action, or to the form of the petition which set out the note and mortgage, as either constituting but one cause of action, or as two causes of action separately stated, and asked for a judgment, and also for the sale of the mortgaged premises, it was not erroneous to render a judgment on the note, and also a judgment for the sale of the mort-

gaged premises; and further, that the judgment would operate as a lien upon the property of the defendant, other than that mortgaged, as if it had been rendered in a separate action.

It does not appear by what process the defendant was brought into court, but it is fair to presume that it was the ordinary summons of the code, which could have been well served in any county of the state.

At the close of the *per curiam* in this case, it is said: "Whether there would in such case be a misjoinder of the causes of action, is a point not presented and not decided."

The doubt here expressed probably led to the passage of the act of February 19, 1864 (S. & S. 575), which reads as follows: "That in all actions for the foreclosure of mortgages given to secure the payment of money, or in which a specific lien for money claimed to be due is sought to be enforced, the plaintiff may also ask, in his petition, a judgment for the money claimed to be due; and such proceedings shall be had, and judgment rendered thereon, as in other civil actions for the recovery of money only." This exactly meets and provides a remedy for the doubt impliedly expressed in *McCarthy* v. *Garraghty*, and it will be observed that the right to ask for and obtain a personal judgment, is made a mere incident to the action for foreclosure; and it could not reasonably have been the intention of the legislature, by annexing this incident, to require the form of the summons, or manner of the service thereof under this act, to be different from that provided by the code in actions for the foreclosure of mortgages only.

The words, "and such proceedings shall be had, and judgment entered thereon," as used in the last clause of the act, have no reference to the process in the case, but to the action of the court therein, after obtaining jurisdiction of the person of the defendant.

In proceedings for the foreclosure of mortgages, either under the old chancery practice or under the provisions of the code, the service of the subpena or summons could be made upon the defendant in a county in the state, other

than that in which the lands were situated, and action brought, and in actions asking for foreclosure, and also a personal judgment under the act of 1864, the venue being fixed by section 45 of the code, the summons may be properly served on the defendant in any county in the state. The summons was indorsed with the amount claimed to be due, as in actions for the recovery of money only, and it is urged that this vitiates the service in this case. Speaking for myself, it seems to me that this was proper, and that the amount of the judgment in actions brought under this statute, as in actions for the recovery of money only, should be limited to the amount claimed to be due, and indorsed on the summons. But be this as it may, we are all of the opinion that the fact that the amount claimed to be due was indorsed upon the summons served did not vitiate the process.

*Motion overruled.*