Boynton, J.
In the view we take of the principal question presented by the record, the others argued become unimportant. The cross-petition of Giddings only sought to ascertain the amount due on his mortgage security, and in case of its non-payment, to foreclose the equity of redemption, and secure a sale of the property mortgaged, and an application of the funds arising therefrom to the payment of his debt. There was no-prayer for a personal judgment against the makers of the mortgage notes. The action was one of purely equitable cognizance. For this reason, the question whether or not the “ act supplementary to the act to provide a code of civil procedure, and to prevent multiplicity of actions” (S. & S. 575), authorizes a defendant in a foreclosure suit to recover a money judgment against the mortgage debtor, upon a cross-petition, is outside the case. The right to proceed, in equity, to enforce the mortgage lien, and the right to proceed, at law, to collect the mortgage debt, are different but concurrent remedies.
The plaintiff in an action for forclosure, may, under the provisions of the statute above entitled,- avail himself of both remedies in the same action.
The very object of this provision was, in actions for the foreclosure of mortgages given to secure the payment of money, or in which a specific lien for money claimed to be ■due, is sought to be enforced, to enable a party to obtain a judgment - at law upon the secured debt, and a decree foreclosing the mortgage, or enforcing the lien, in the ■same action. But it was not intended to give both remedies where only one was pursued. Section 85 of the code requires the petition to contain a demand of the .relief to which the party supposes himself entitled. If a personal judgment is sought, as a part of the relief for *83 which the action is prosecuted, the petition should demand it. We are not, however, to be understood as holding that in equity cases, the court may not give a personal, judgment, where equity requires it. McCrory v. Parks, 18 Ohio St. 1; Reed’s Adm’r v. Reed, 25 Ohio St. 422. Nor is it intended to deny the power of the court, in an action to foreclose a mortgage, where the court has acquired jurisdiction of the person of the mortgagor, to a'vyard execution for any balance due, after the proceeds of the sale of the mortgaged premises have been exhausted. Hamilton v. Jefferson, 13 Ohio, 427; Myres v. Hewett, 16 Ohio, 456; Moore v. Stark, 1 Ohio St. 373; Maholm v. Marshall, 29 Ohio St. 615. But it is error, to render a personal judgment against the mortgage debtor, in an action to foreclose a mortgage, unlesss the petition contains a prayer for such judgment.
It is no less error, without such, prayer, to render a judgment upon a cross-petition. The question, therefore, whether the improper rendition of the judgment was such an “irregularity in obtaining it,” as could be corrected at a subsequent term, by motion, under §§ 534 and 535 of the code, becomes immaterial. Eor if it be conceded—and we are not to be understood as intimating that it is—that the court was-wrong in vacating the judgment against Mrs. Barney, on motion, at a term subsequent to the one at which the judgment was rendered, and that the district court was wrong in reversing the order overruling the motion to vacate the judgment against Wendell Barney, the whole record being before the latter court, Barney and wife would have been entitled to a reversal, by that court, of the judgment improperly entered against them. ■ And this being all that was accomplished by the action of the two courts, and what was done being equivalent in legal effect to such reversal, there was no -error to the prejudice of the plaintiffs in error.

Leave refused.