Gilmore, J.
In order to determine the question of costs before the justice, it is necessary to ascertain whether he had jurisdiction of the action; and this depends on whether the action is governed by the ninth section of the justice’s act (S. & C. 771), which provides that justices shall have jurisdiction in actions for trespass on real estate, where the damages demanded shall not exceed one hundred dollars.
It is contended, by plaintiff's counsel, that a tenant’s interest in a growing crop is as much personal property as sheep, hogs, or cattle; and, hence, that the remedy for ‘an .injury to either of them must be the same.
This claim is untenable. While it is true, that in this state we have abolished all distinction in the form of actions, yét we still have recourse to the common law iu or•der to determine the nature of any given action.
At common law a man is held answerable, not only for his own trespass, but.also for that of his domestic animals, ■and if they commit a trespass on the lands of another, or the lands of a tenant in possession, unless through defect of fences which the latter ought to repair, the owner is liable in an action quare clausum fregit.
The books show that this has been the uniform practice ■•and understanding of the law in all times ; and it is, therefore, too late to inquire whether the remedy by action of trespass is founded upon the strictest logical propriety,where the cause of the damage is the negligence, and not the *36 willful act of the owner of the unruly or breacby animal. Noyes v. Colby, 10 Fost. 143; Waterman on Tres., sec. 858.
This is assumed to be the law, without question by this court, in Jack v. Hudnall, 25 Ohio St. 255; and also in Phelps v. Cousins, 29 Ohio St. 135.
The action was, therefore, under the 9th section of the justice’s act, above cited; and the damages claimed and judgment rendered before the justice, having both been for more than one hundred dollars, it is clear that the justice had not jurisdiction of the action, and that the proceedings and judgment therein, before him, were void;, including the judgment for costs against the defendant.
It follows that the court of common pleas could not take appellate jurisdiction of the action, and that if a motion to strike the papers in the attempted appeal from the-files, on this ground, had been made at the proper time, it would rightly have been sustained; but it does not necessarily follow, that the court of common pleas had not obtained complete jurisdiction of the case, as an original action in that court, at the time the attempted appeal was in fact dismissed; the damages claimed, in the petition filed, being over one hundred dollars. The subject-matter of the action was one over which the court of common pleas had original jurisdiction; and the parties, either by express consent, or by acts which the law regards as equivalent thereto, could submit themselves personally to its jurisdiction. . The question is: Did the parties, by their acts, give, the court of common pleas complete original jurisdiction of the action ? We think they did. The filing of his petition in the action, by the plaintiff, was an act that was subject to no equivocal construction. It was an appearance on his part. To this petition, and also an amended petition filed by leave of the court, the defendant interposed motions raising questions as to the sufficiency of the petitions respectively, under sections 508 and 118 of the code. The court considered and disposed of these motions, and the journal entries made under its direction clearly show that the motions were sustained, in whole or in part, *37 and that, on each ruling being made, the plaintiff had leave of the court to amend his petition.
By the filing of these motions to the petitions respectively, and invoking the rulings of the court thereon, the defendant impliedly waived the issuing and service of process, and submitted his person to the jurisdiction of the court in the action. It was, in legal effect, precisely as if the plaintiff had filed his petition and the defendant had expressly waived process and filed his answer. Schafer v. Waldo, 7 Ohio St. 309; Maholm v. Marshall, 29 Ohio St. 611.
But the parties, in the court of common pleas, proceeded further in the action. The plaintiff, by leave of the court, filed a second amended petition. To this, a demurrer was filed and sustained, on the ground “ that the court had no appellate jurisdiction of the subject-matter of the action.” There were two reasons, at least, why this demurrer should have been overruled. Eirst. The petition did not show on its face that the action had come into that court by appeal, and the demurrer did not, therefore, raise the question of jurisdiction. Second. The petition was filed in an action in which, .as was above shown, the court had original and not appellate jurisdiction ; and even if the motions above mentioned had not preceded it, the filing of the demurrer was, by implication of law, an entering of his appearance in the original action in which the petition was filed, and es-topped the defendant from saying that the action was one of appellate jurisdiction, and also from denying that he had entered his appearance in the original action in that court. Barrington v. Heath, 15 Ohio, 483; Evans v. Iles, 7 Ohio St. 233 ; Wood v. O’Ferrall, 19 Ohio St. 427.
The papers on file in the attempted appeal had no force •or validity for any purpose, and were, therefore, properly stricken from the files, as having no connection with the case, and the court properly refused to render judgment for costs made in the attempted appeal, or those that had been taxed in the justices’ transcript.
But the court of common pleas erred in sustaining the *38 demurrer to the second amended petition, for the reason,., as above shown, that, having jurisdiction of the subject-matter, it had also obtained jurisdiction of the parties in this action by their acts as shown by the record at the time the demurrer was sustained.
The judgment of the court of common pleas on the demurrer, and that of the district court affirming the same,, are reversed, and the cause is remanded to the court of common pleas for such further proceedings as may be authorized by law.

Judgment accordingly.