Minshall, J.
This proceeding in error arises out of a suit that was brought by Daniel A. Long, iu the common pleas of Clark county, against S. S. Newhouse and others, who, with the plaintiff, were members of an association called the Christian Educational Society of the Christian church, organized to raise funds and aid in carrying on the cause of education at Antioch College.
The plaintiff sought to recover against the defendants the sum of $1,554, for money paid out and expended by him, for the use and purposes of the society, at the request of the defendants, and which they had agreed to pay him. An answer was filed and a reply thereto, on which issues were made up and tried to a jury. A verdict was rendered for the plaintiff. A motion for a new trial was made and overruled, March 18, 1895, and fifty days were then given the defendants in which to prepare and file a bill of exceptions.
It appears from the entry allowing the bill, that it was not presented to opposing counsel until May 3d, following, that counsel objected to its being allowed and signed for the reason that it had not been presented to him for examination in time, but the court allowed and signed it, and ordered it made a part of the record, on May 4, 1895, forty-seven days after the overruling of the motion. On error, the judgment was reversed by the circuit court, for the reason, among other things, that the verdict was against the evidence. The plaintiff in error here, claims that the bill of exceptions is not part of the record of the common pleas, for the reason that it was not presented to opposite counsel for examination, nor to the trial judge for his signature, in the time required by the statute, sec. 5302, Revised Statutes. It is necessary that this *365 question should be disposed of in limine; for, if the bill is a part of the record, then under the established rule of this court, the judgment of the circuit court must be affirmed without passing on the other errors assigned. If it is not a part of the record, then the judgment should be reversed, as the court did not have before it the evidence to pass on, unless there are other errors for which the judgment should have been reversed by the circuit court, and assigned by it as a ground of reversal.
That the bill of exceptions is no part of the record of the common pleas subject to review, is clearly settled by the recent decision in Neuman v. Becker, 54 Ohio St., 323. It was not submitted to opposite counsel for examination, nor to the trial judge for his signature, in the time required by the statute. In the case just referred to, it is held? that these requirements are mandatory, and if not observed, the judge loses his jurisdiction over the subject-matter. Hence, the paper, purporting to be a bill of exceptions, is of no validity whatever as a part of the record. But it is claimed, that this was remedied by a stipulation in writing, signed by the attorney of the plaintiff, on May 3, 1895, and filed with the papers in the case. That stipulation is as follows: “It is agreed that defendant’s bill of exceptions may.be at once signed by the court, and any controversy in regard to correctness thereof, shall be determined by the said judge within the nexttwentjr days, the same as though, the same had not been sigmed May 3, 1895.” Signed by the attorneys of both parties. This, however, is no part of the record in the case; and, if we look to the bill of exceptions for its history, it in no way aids the defendant in error. It in no way *366 estops the plaintiff below from insisting- that the bill of exceptions is no part of the record.' It was not entered into before the time for presenting- the bill to opposite counsel or to the court, had expired, hence it can in no way be claimed to have influenced counsel in not attending to the matter sooner than he did. It cannot then be relied on as an estoppel. The time had passed for the preparation and allowance of a bill of exceptions, before any steps had been taken by counsel; and, by the defendant’s delay, uninfluenced by any action of the other side, the court had lost jurisdiction over the subject-matter of a bill of exceptions. There was, then, nothing- to prevent the opposite counsel from recalling his assent to the stipulation, which was done in a few minutes after, on its being shown to the senior member of the plaintiff’s counsel, and before it was presented to the court. But whether this assent had been withdrawn or not, the result would be the same. The trial judge had lost his jurisdiction over the subject-matter, and he could not be again clothed with this by the consent of parties. Reason requires that the contents of a bill of exceptions should be determined in a reasonable time after the motion for a new trial had been overruled; and it is therefore contrary to the policy of the law to permit parties to extend the time for preparing and settling it beyond the time fixed by the statute.
The question then remains, whether there is any error in any of the other assignments on which the circuit court reversed the judgment of the common pleas. It is claimed, that the common pleas erred in overruling a motion of the defendant to Strike out a portion of the petition, and, also, erred in sustaining a motion of the plaintiff’s to strike out a portion of the answer. These assignments are *367 both sustained by the circuit court and stated as grounds for reversing the judgment.
1. We fail to perceive that there was any error prejudicial to the defendant in the court refusing • to sustain the motion to strike out portions of the plaintiff’s petition. The petition may contain some irrelevant matters, but they could not have prejudiced the defendant in making a defense to the plaintiff’s claim, that the defendants were indebted to him for money paid out and expended at their request, and which they had promised to pay him. So far as the motion went beyond immaterial matter, it was in the nature of a demurrer, and should not therefore have been sustained as a motion. It is not competent by motion to ■ strike out averments in a petition, material to the cause of action, and in this way defeat a right of recovery. Such matters must be met by answer.
2. Did the court err in sustaining the motion to strike out a portion of the first defense of the answer ? This is the more important question, as it raises the question of the court’s jurisdiction over the persons of the defendants. The matter asked to be stricken out-is as follows: “That they, and each of them, and all of the defendants herein, excepting Alexander E. Taylor, are non-residents of Clark county, Ohio, and were such non-residents at the time of, and ever since the filing of plaintiff’s petition, and that none of said defendants, excepting said defendant, Alexander E. Taylor, were served with summons in this action in said Clark county.” And also the following: “Wherefore, these answering defendants, say this court is without jurisdiction to render a judgment against them or any of them in this action.” The defense as an entirety, reads as follows:
*368 “That they, and each of them, and all of the defendants herein, excepting Alex. E. Taylor, are non-residents of Clark county, Ohio, and were such non-residents at the time of, and ever since the filing- of the plaintiff’s said petition, and that none of said defendants, excepting said defendant, Alex. E. Taylor, were served with summons in this action in said Clark county, and said defendants further answering, deny that said Alex. E. Taylor, jointly with these defendants, or with any of them, or otherwise, ever authoiized the plaintiff to contract, assume, or pay any debts or obligations on his behalf, or promised or agreed to pay such debts or obligations, or to reimburse the plaintiff any money paid out by him on account thereof, or ratified, approved or promised, to pay the alleged claims of the plaintiff set up in his petition or any part thereof. Wherefore, these answering defendants say, this court is without jurisdiction to render a judgment against them, or any of them, in this action.”
The gist then of this defense is, that the court has no jurisdiction of the persons of the defendants, not residing in Clark county, on the ground that Taylor, the party served with process in Clark county, the venue of the action, is in no way liable with the defendants on the plaintiff’s cause of action. It is well settled, that while such a defense may be made by answer, as appears from Allen v. Miller, 11 Ohio St., 376, and Drea v. Carrington, 32 Ohio St., 595, yet, if made, it must be at the very threshold of the defendant’s appearance to the action. The reason is a plain one. If a party may at the same time invoke the jurisdiction of a court on the merits of an action, and deny its jurisdiction over his person *369 it would work great injustice. He could, under such practice, if the judgment on the merits is in his favor, avail himself of it as a bar to another action, but if it should be against him, he could set it aside for want of jurisdiction of his person. Hence it is said, that, “If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes except to make that objection.” In Allen v. Miller, the court is careful to observe that Miller embraced the first occasion which offered, to-wit, in his answer, to assert his objection to the jurisdiction of the court; and distinguished the case from that of Evans v. lies, 7 Ohio St., 234, where the defendant had previously filed a demurrer, and, although withdrawn, had, as the court held, subjected the defendant to its jurisdiction. And, commenting on the withdrawal of the demurrer,1 the court said: “It ceased to be of any consequence in the case; but as a fact, the evidence of which was indelibly fixed on the journal of the court, and constituting of itself an appearance in the case, it was as significant and as operative after the demurrer was withdrawn as it was before.”
It appears from the record in this ease, that before the defendants filed their answer, in which they for the first time, by the first defense, challenged the court’s jurisdiction of their'persons, they had taken various objections to the plaintiff’s petition. On November 2, 1893, by leave of the court first obtained some days before, they filed a motion to compel the plaintiff to attach to his peti tion on account of the items of his claim; this having been overruled, they afterward, on leave, filed a motion to require the plaintiff to separately state *370 and number his causes of action; and this having been overruled, on February 5, 1894, the}7 filed a motion to require the plaintiff to strike out various averments in his petition, being the motion heretofore noticed. This having been overruled, they sought leave to answer, and the leave having- been given, filed an answer, in the first defense of which they now challenge the court’s jurisdiction over their persons. Manifestly they could, not do this after the numerous instances in which they had submitted themselves to its jurisdiction by invoking its judgment on the legal completeness as well as the sufficiency of the plaintiff’s petition. The decisions of this court on the subject, are all to the effect, that any step taken in a case by a defendant, other than to object to the court’s jurisdiction over his person, enters his general appearance to the action, and he cannot afterwards claim that the court’s jurisdiction of his person has not been properly obtained. Thus a motion for leave to answer, Brundage v. Biggs, 25 Ohio St., 652; a motion, to strike papers from the files, Maholm v. Marshall, 29 Ohio St., 611; a demurrer to a petition, 1 Ohio St., 286; and, though subsequently withdrawn, Evans v. Iles, 7 Ohio St., 238; a motion to dismiss for want of security for costs, Schaeffer v. Waldo, 7 Ohio St., 309; a motion to dismiss for want of jurisdiction of the subject-matter of the action, Handy v. Ins. Co., 37 Ohio St., 366; Smith v. Hoover, 39 Ohio St., 249; and a motion to strike from the petition certain averments, Railroad Co. v. Morey, 47 Ohio St., 207, 210, have all been held to enter the party’s appearance to the action, as completely as if he had been properly served with process.

Judgment of the ovrcuit court reversed, and that of the common pleas affirmed.