(Superior Court of Cincinnati,)
General Term, 1900.

CATHARINE M. BRIGEL et al. v. JEROME D. CREED.

(1.) An action in foreclosure to sell shares of stock in a corporation, pledged as collateral security for a note, and to have the proceeds applied in payment of the note is an equitable action, and the parties are not entitled to a jury trial.

(2.) In such an action a decree may contain a clause that if the proceeds of the sale shall not be sufficient to pay the costs and the amount heretofore found due to the plaintiff the plaintiff shall have an execution for the deficiency.

(3.) The record in such action in which appeared the amount found due on the note is admissible and conclusive in a subsequent action between the same parties for a personal judgment on the note, on the question of the amount due on the note.

(4.) In such case the fact that in the former trial the parties were not entitled to a jury trial and that if the issue had been tried in the second case the parties would have been entitled to a jury trial does not detract from the force of such finding as res judicata.

(5.) Separate actions may be maintained, one for the strict foreclosure of shares of stock in a corporation pledged as security for the payment of a promissory note, and the other for a personal judgment on the note, and the pendency of one action will not be a bar to the other.

(6.) Where in such case the decree in the foreclosure suit provides that an execution may issue for any deficiency remaining on the note after the application thereon of the proceeds of the sale of the shares, such provision is not equivalent of a personal judgment on the note, and its existence will not bar the right to secure the personal judgment.

(7.) In such case but one satisfaction of the debt can be had, and any attempts upon the part of the plaintiff to secure double satisfaction will be prevented.

(Affirmed by Supreme Court, reported in 45 W. L. B., 377.)

---

Smith, J.

These two cases, entitled the same, may properly be considered together.

Leo A. Brigel and Catherine Brigel his wife executed their joint and several note for $15,000.00 to Jerome D. Creed and pledged as collateral security for the payment of the same 735¼ shares of the capital stock of the Jackson Brewing Company. The note was not paid at maturity. Subsequently Mr. Creed brought an action in forclosure to sell the collateral security. It was an equitable action purely and the relief asked was the sale of the collateral security. No personal judgment was asked.

The court refused the demand of a trial by jury and after hearing the evidence in the case and the arguments of counsel, found that there was due the plaintiff the full amount of the note with interest and ordered a sale of the property provided the indebtedness was not paid before a certain date. The decree concluded as follows:

"It is further considered that if the proceeds of the sale of said stock shall not be sufficient to pay the costs and the amount heretofore found due to the plaintiff, the plaintiff shall have execution for any deficiency against the defendants, Leo A. Brigel and Catherine M. Brigel, to all of which defendants except."

The action of the court in refusing a trial by jury was correct. The action was purely equitable—the foreclosure of a mortgage with incidental relief—and it is elementary law that in such an action the parties are not entitled to a trial by jury.

The right to insert in the decree the part just quoted, in which it is provided that if the proceeds of the sale shall not be sufficint to pay the costs and the amount heretofore found due to plaintiff, the plaintiff shall have an execution for the deficiency is so well settled in this state that we are not called upon to concern ourselves with the rule in any other state.

*Giddings* v. *Barney*, 31 Ohio St., 83; *Hamilton* v. *Jefferson*, 13 Ohio St., 427; *Myers* v. *Hewett*, 16 Ohio St., 456; *Moore* v. *Stark*, 1 Ohio St., 373; *Maholm* v. *Marshall*, 29 Ohio St., 615.

The decree in the foreclosure suit should be affirmed.

Before the decree in the foreclosure suit was entered, the same plaintiff brought another action on this note, in which he sought a personal judgment against the defendants. The same defenses were set up in the second action as in the former. Upon the trial of that case, in order to prove the indebtedness of the defendants to him, he introduced the record in the other case in which appears the finding of the amount due on the note.

The court allowed the introduction of the record and held it to be conclusive on the question of the amount due. Judgment was therefore entered against defendants for such amount. It is contended that this action of the court was erroneous.

We think not. The amount due between the same parties was an issue in the former case and the finding made it *res adjudicata*. The circumstances that in the former trial the parties were not entitled to a trial by jury although if the issue had been tried in the second case the parties would have been entitled to a trial by jury does not detract from the force of the finding as *res adjudicata*.

It may be urged, however, that if the question at issue in the action on the note was *res adjudicata* by reason of the finding in the foreclosure suit, that the second action could not be maintained.

Passing by the question whether this issue was made by the pleadings in the second case and assuming for the sake of argument that it was, nevertheless it is not true that the finding in the first case was a bar to the action in the second case.

The right to maintain two separate actions, one on the mortgage for a strict foreclosure of the same and the other on the note secured by mortgage for a personal judgment, was upheld and the reason for the right explained in *Spence* v. *Insurance Company*, 40 Ohio St., 518.

In that case the Union Central Life Insurance Company commenced an action in the court of common pleas of Clark county against George Spence and his wife upon a promissory note secured by a mortgage of lands in which the relief demanded was a finding of the amount due on the promissory note and a decree for the sale of the property described in the mortgage to pay the amount due on the note. No personal judgment was asked on the note.

While this action was pending the insurance company commenced an action in the superior court of Cincinnati against Spence, in which it demanded a personal judgment against him upon the promissory note. The defendant answered the pendency of the action in Clark county.

In deciding that such an answer was not good, the court said: "At common law three upon a debt secured by mortgage—an action to foreclose a personal action on the debt, and an action in ejectment to recover possession of the mortgaged property. *Dunkley* v. *Van Buren*, 3 Johns. Ch., 330; *Delahey* v. *Clement*,

3 Ill., 201; *Joslyn* v. *Millspaugh*, 27 Mich., 517; 2 Dan. Ch. Pr., 815.

"The section of the code, Revised Statutes, section 5021, which provides that in an action to foreclose, a mortgage a personal judgment may be asked for, recognizes the right to unite two of these actions, a right which existed without this provision. In an action for a foreclosure and for a personal judgment, the plaintiff may have both forms of judgment at the same time.

"This section of the code does not require the two remedies to be demanded in the same action, it is only permissive; separate actions may therefore be maintained, one to foreclose and the other for a personal judgment in the same court at the same time. If they may be maintained in the same court at the same time, and judgment in one action is no defense in the other, then the same consequences follow if the different actions are in different courts. The two actions are essentially different, one exhausts the mortgage security, the other affords a personal remedy; one may be maintained without personal service and the other may not. From this fact alone both actions at the same time in different courts may be necessary to furnish a complete remedy.

"It is urged by counsel for plaintiff in error that the second suit was not necessary, and therefore could not be maintained. The reason why a second action cannot be maintained for the same cause at the same time is, that it is not necessary. This, however, is where the object sought in both cases is the same. The actions here were for different purposes and different relief. In a case situated as this one was, the only way in which it could be shown that the second suit was not necessary, would be to show that the cause of action alleged in the second suit, by reason of the proceedings had in the first suit, had been satisfied, or a state of fact equivalent to a satisfaction. The pendency only of another action for the same cause was not enough. In this case the pendency only of the suit on the mortgage security of the debt was pleaded as a defense."

If any doubt remained upon this question after the decision in *Spence* v. *Insurance Co., supra*, it has been entirely dispelled by the recent decision of the Supreme Court in *Doyle* v. *West*, 60 Ohio St., 443, in which it is said that "The finding of the amount due is a necessary predicate to an order of sale in a foreclosure proceeding, and the finding is a judicial determination of the amount. The defendant can take issue as to the amount claimed. Where issue is taken, it must be, and is heard as a question of fact; if no issue is taken, the finding is made as on confession. The policy of the law is against the relitigation of questions of law or fact, once heard and determined between the same parties. A question of fact once so determined is binding on the same parties in all subsequent litigation. It would be somewhat anomalous if, after the amount due on a note secured by mortgage, had been, on issue taken, heard and determined in a foreclosure suit, afterwards a suit might be brought on the notes, and the whole question again litigated. We regard the finding of the amount due in a foreclosure proceeding as a judicial determination of the question; and where it, or any balance, after applying the proceeds of the sale, remain due and unpaid, a suit may be brought on the finding to recover the amount. We find nothing in the decisions of this state that conflicts with this holding."

It may be urged that as the decree in the foreclosure suit provided that an execution might issue in case the proceeds of sale were not sufficient to pay the indebtedness, there was no necessity for the second suit and therefore on the principle of *Spence* v. *Insurance Co., supra*, it could not be maintained.

But slight reflection is sufficient to show that this provision for execution for a deficiency if the plaintiff desires to act under it is not necessarily the equivalent of a personal judgment.

1. It does not become operative until a sale of the mortgaged property is first had and it is found that the proceeds of sale are not sufficient to pay the indebtedness. 2. It is never a lien upon any property except that which has been levied upon it under it.

But a personal judgment on a note may be secured without waiting for a sale which is often difficult to make and becomes a lien upon all the real property of the debtor within the county, from the day it is entered, or the first day of the term in which it is entered, according to circumstances. Such a judgment therefore secures to the plaintiff important rights which a mere provision for execution for a deficiency in a strict foreclosure suit does not; and the existence of the latter therefore does not bar the right to secure the former.

As confirmatory of what has just been said is the declaration of the Supreme Court in *Doyle* v. *West, supra*, at page 444, in which, referring to the finding of the amount due in a foreclosure suit, it says:

"It is not, as we shall see, a judgment with any of its incidents, but is a debt evidenced by record, and can only be discharged by payment. It does not become dormant in the sense that a judgment does (*Moore* v. *Ogden,*

35 O. St., 430), for it is at no time active in the sense that an execution can be issued upon it unless so ordered.; and it does not become a lien upon the other lands of the debtor. These are the incidents of a judgment and distinguish it from a simple finding of the amount due on a mortgage."

It is scarcely necessary to state that but one satisfaction of the debt can be had and that any attempt upon the part of a plaintiff to impose upon a defendant by securing a double satisfaction would be prevented by a court by proper proceedings.

The judgments in both cases will be affirmed.

Jackson, J., concurs in judgment in first case and Dempsey, J., concurs in judgment in second case.

*C. W. Baker* and *J. R. Sayler*, for plaintiffs.
*Lawrence Maxwell, Jerome D. Creed*, for defendant.