---

(Hamilton County Common Pleas.)
O. REICH v. THE PIKE BUILDING COMPANY.

1. In a suit in attachment against a non-resident, jurisdiction is acquired by the seizure of the property, and judgment can be rendered only in an amount equal to the value of the property seized.

2. Where there is no actual seizure of property, but the garnishee appears and offers to deliver the property to the court, but is not ordered to do so or to give bond, no property comes into the custody of the court, and jurisdiction is not conferred.

3. It is error to render personal judgment against a defendant who appears under such circumstances to move a dismissal of the attachment, and for no other purpose.

4. Where a railroad company is served with notice of attachment within ten minutes after the goods described have been loaded into a car in Cincinnati bound north, the court will presume that the goods were still within the territorial jurisdiction of the magistrate.

5. As to whether a writ of garnishment does or does not bind a common carrier with respect to goods of the defendant in attachment, in transit, when the goods are at the time of service of the writ within the territorial jurisdiction of the magistrate, the court does not find it necessary to express an opinion.

---

HOLLISTER, J.

The plaintiff sued the defendant for rent before a justice of the peace, caused an attachment to issue, and process of garnishment was served on the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, at 4.30 p. m., July 19, 1900. The writ of attachment was returned *nulla bona*, and the ganishee answered that at the time of service of the writ it had in transitu, from Cincinnati to New York, one car load of household goods and office fixtures, consigned from O. Reich from Cincinnati to O. Reich, New York; that it directed, in pursuance of the writ, that the car be stopped at Cleveland, where it is held subject to the order of the court. The garnishee claimed a lien for freight charges and car service. The magistrate ordered the garnishee to deliver the property to the court. The constable who served the order made his return that the garnishee answered that it was ready to turn over, on the court's order, the property it held upon payment of its lien and accruing charges. The plaintiff proceeded to advertise for defendant, with notice of attachment, as prescribed by law.

Upon the hearing came the defendant by his counsel, and "without entering his appearance herein, and without waiving any of his rights and for the purpose of this motion only, moves the court to dismiss the attachment herein and to release the property claimed to have been attached and garnisheed in this proceeding, for the reason that the said goods are not subject to attachment or garnishment, as the same were in transit at the time of the purported attachment and garnishment thereof, and for the further reason that order of attachment was not made effective bv attachment of the property, and the court therefore has no jurisdiction of the subject matter."

The magistrate overruled the motion, and found that the "appearance of the defendant was entered because of his filing of said motion," and entered a personal judgment against him for $293.59, the amount of plaintiff's claim and interest and for costs. The defendant prosecutes these proceedings in error, claiming that the magistrate erred in overruling his motion to dissolve the attachment and in entering personal judgment against him.

At the trial it appeared that the goods were delivered to the railroad company, commencing "at 10 o'clock and completing the same a little after 3 o'clock, probably very nearly 3.30 in the afternoon" of July 19, 1900, and the car containing the goods was probably in the yards of the company in the western part of the city awaiting at the time the writ was served, but this is a mere "impression" of the counsel for the railroad company. The counsel also wrote a letter saying that he was advised that the car containing the goods was then (at the time of trial) in the yards of the company at Cincinnati, "or will be tomorrow.

It is clear that the magistrate could not properly render a personal judgment against the defendant as upon his appearance in court. There is ample authority for a proceeding, such as was defendant's, to obtain a discharge of the attachment, appearing for that purpose only.

The case does not fall within the ruling in Elliot v. Lawhead, 43 O. S., 171. There the defendant filed a motion, coming for the purpose of the motion and for no other, to strike the case from the docket and to dismiss the action "for want of proper and legal service," and because the court had no jurisdiction of the "subject matter of said action or of defendant." It was held that the motion involved the merits of the case made in the petition, citing Hand v. Insurance Company, 37 Ohio St., 366: Maholm v. Marshall, 29 Ohio St., 611.

Here the motion was directed to the attachment alone, upon the ground among others that, as no property was attached, the court had not acquired jurisdiction of the subject matter. The subject matter of action was debt for rent, to which the proceeding in attachment was merely ancillary. Jurisdiction to render judgment upon attachment of property does not involve the subject matter of the action at all, but arises by virtue of the fact that the property of the defendant has, by the attachment, been taken into custody of the court.

It is true that a judgment may be rendered when property of the defendant is seized either in attachment or garnishment, to the full amount of plaintiff's claim. The Cleveland Co-operative Stove Co. v. Mehling, 21 C. C., 60 (45 W. L. B. No. 3, January 21st, 1901);

Leonard v. Lederer, 10 W. L. B., 450; Coal Co. v. Manley, 21 W. L. B., 38. The court has jurisdiction to render such a judgment when the proper affidavit in attachment is filed, the writ issued and the property attached. Payne v. Mooreland, 15 Ohio, 436 443. The judgment is rendered upon the pleadings and must be against the person, or could not be entered at all. In this sense it is a personal judgment, but is only valid to the extent of the property attached (the Cleveland Co-operative Stove Co. v. Mehling, supra). If any property was reached by the garnishee process, the Justice had jurisdiction therefore to render a personal judgment to be effective to the extent of the value of the property. It was a qualified personal judgment, jurisdiction being acquired by the seizure of property, and not by the appearance of the defendant. It was error therefore to enter a personal judgment as upon the defendant's appearance.

Was any property seized by the writ of garnishment?

The statutes (section 6407) provide that if the officer can not get possession of the property he shall leave with the garnishee a copy of the order of attachment, with written notice to appear and answer; and (section 6500) that the garnishee shall answer under oath all questions touching the property of every discription and credits of the defendant in his possession or under his control; and (section 6501) if he disclose the property in his hands, or the true amount owing him, and deliver or pay the same according to the order of the court, he shall be allowed his costs.

Section 6503 provides that: "If the garnishee appear and answer, and it is discovered on his examination that at or after the service of the order of attachment and notice upon him he was possessed of any property of the defendant, or was indebted to him, the Justice may order the delivery of such property, and the payment of the amount owing by he garnishee into the court; or may permit the garnishee to retain the property, or the amount owing, upon the execution of an undertaking to the plaintiff by one of more sufficient securities, to the effect that the amount shall be paid, or the property forthcoming, as the court may direct."

And section 6504: "If he fail to appear and answer, or if he fail to comply with the order of the justice to deliver the property and pay the money owing into court, or give the undertaking required in the preceding section, the plaintiff may proceed against him in an action."

The garnishee did not appear, but it did answer disclosing property in its possession belonging to the defendant. It offered to deliver the property to the court, but it did not do so, and it was not ordered to deliver it. Nor did it give an undertaking provided by the law in cases in which the garnishee elects to retain the property, and it was not required to do so. In such cases clearly the bond takes the place of the property. Neither the attachment nor the garnishment actually seized any property, and none came into the custody of the court. As the seizure was necessary to confer jurisdiction, the magistrate had no power to render any judgment. To the exact point is Davis v. Lewis, 16 C. C. 138.

It is contended also that as the property was without the county at the time the writ of garnishment was served, the writ was ineffective. Conceding for present purposes that this is a true legal conclusion, if the premises are corect, yet the evidence shows that the writ was served within ten minutes after the car was loaded. The court will take notice of the fact that a car loaded at the Big Four freight yard can not be hauled beyond the limits of the county on that line in so short a time, and holds that the car was within the territorial jurisdiction of the magistrate.

Another point is made, that the writ of garnishment does not bind a common carrier with respect to goods of the defendant in attachment, in transit, even when they are at the service of the writ within the territorial jurisdiction of the magistrate. The court expresses no opinion on this question as it is not necessary to do so, but finds the assignments of error to be well taken on the other grounds stated.

Judgment accordingly.

Gorman & Thompson, for plaintiff in error; Jones & James, contra.