## PERSONAL JUDGEMENT AGAINST ONE ASSUMING PAYMENT OF A MORTGAGE.

Circuit Court of Stark County.

NAVARRE DEPOSIT BANK v. THE WILSON AVENUE LUMBER CO.

Decided, February, 1903.

*Jurisdiction—Court in Foreclosure Proceedings may Render Personal Judgment Against One Assuming Payment of Mortgage—Judgments—Fraud which Would be Defense to Original Action, Not Ground for Setting Aside Judgment.*

1. In an equitable action for the foreclosure of a mortgage, when the court has secured jurisdiction of the person of one who has assumed the payment of the mortgage by means of process duly served in another county, it may give equitable relief by enforcing the payment of the obligation by means of a personal judgment.

2. Fraud in the instrument or transaction upon which a judgment at law is founded, does not furnish sufficient ground for an action to set aside the judgment, as the fraud constitutes a good defense to the action at law and must be set up at that time.

3. A representation on the part of a plaintiff that it will forward a

copy of its petition to a defendant, is not ground for setting a judgment against that defendant aside where he was properly served with summons.

WINCH, J. (orally), (sitting in place of Judge McCarthy); VOORHEES, J., and DONAHUE, J., concur.

The case below was one in equity seeking to enjoin the enforcing of a judgment at law and the levying of an execution, and to vacate and declare null and void said judgment.

The petition alleges three several causes of action: first, raising the question of jurisdiction of the court over the person of the Wilson Avenue Lumber Company; second, alleging the falsity of the allegations of the petition upon which said judgment was returned; third, alleging certain frauds.

A general demurrer was filed to the petition, which demurrer was, upon hearing by the court below, overruled. Exceptions were taken, and the action of the court upon the demurrer is the only question raised by the petition in error.

The suit upon which judgment was rendered was one to foreclose a mortgage, and the Wilson Avenue Lumber Company at the time of the commencement of said action was the owner of the property. The property was located in the city of Canton, the Navarre Bank at Navarre, and the Wilson Avenue Lumber Company, a resident of Cuyahoga county.

It is claimed that the Wilson Avenue Lumber Company had assumed and agreed to pay the mortgage held by the bank and which it was seeking to foreclose. The mortgagors were parties defendant to the action, but, I believe, were not summoned; or, if summoned, it was by publication.

Summons for the Wilson Avenue Lumber Company was issued to the sheriff of Cuyahoga county, and served by him.

The first question raised by the demurrer is as to the sufficiency of the first cause of action, to-wit: That the Stark County Common Pleas Court did not have jurisdiction of the Wilson Avenue Lumber Company to render a judgment—a personal judgment—against it, in this action to foreclose the mortgage.

The original action, being for the foreclosure of a mortgage upon real property situated in Stark county, was local in character, and rightly brought into said county under Section 5019, Revised Statutes.

The action being rightly brought in Stark county, summons may be issued to any other county against one or more of the defendants at the plaintiff's request, according to Section 5035.

The Supreme Court held in 59 O. S., 611, that in an action to foreclose against the original mortgagor such summons may be issued to another county, and render him liable to personal judgment for the amount due on the note. The defendant in error, however, points out this distinction: that a person who has assumed and agreed to pay a mortgage is not in such relation to the mortgagee as to entitle the mortgagee to a judgment against him in an action for foreclosure of the mortgage, and that this section of the statute allowing service in another county, does not apply.

In 66 O. S., 290, the case in which a decision has been handed down since this case was brought in the court below, the court concedes that summons may issue to another county to bring in and render liable to a personal judgment a person who has assumed a mortgage. That case was not decided, however, upon that point, and yet we think that upon principle, had that point been fairly raised, the court would have so held.

In the 78th American Decisions, page 69, this contract of assumption is discussed on page 70: "Where a grantee in a deed covenants with the grantor to pay off an incumbrance the grantee, by virtue of agreement, is regarded in equity, as the principal debtor, and the grantor as a surety only." And it is also a principle in equity, that "a creditor is entitled to the benefit of all collateral obligations for a payment of the debt, which a person standing in the situation of a surety for others receives for his indemnity, and to relieve him or his property from liability for such payment."

And it is here pointed out that the action against the person who assumes is an equitable one. An action to foreclose is an equitable action.

Now, in discussing the statute of New York, which is similar to ours, with regard to allowing a personal judgment against the mortgagor in an action to foreclose—this case being decided in New Jersey. where the statute forbids a personal judgment in such cases—the court say, on page 71, "It remains to be con-

sidered whether the complainants are entitled to such relief upon a bill to foreclose.'' In New York, on a bill filed for the satisfaction of a mortgage, it is the practice to decree payment by the mortgagor or by any other person who may have become security for the payment of the debt, of the balance of the debt remaining unsatisfied after a sale of the mortgaged premises. This is done, however, by virtue of the express provisions of their statute. And that statute, as I have said, is similar to ours in that respect.

Independent of statutory provision, the rule of equity is that a bill to foreclose is in the nature of a proceeding *in rem*, and the party is confined in his remedy to the pledge. The suit is not intended to act *in personam*.

In this case the bill was filed to foreclose a mortgage given to secure the payment of a bond. The bill, in form, was an ordinary foreclosure bill. The complainant applied for a decree directing the mortgagor, in case of a deficiency upon the sale of the mortgaged premises, to pay the remainder of the debt. It was ruled that his proper remedy was at law upon the bond. Citing the case of *Hunt* v. *Lewin*, 4 Stew. & P., 138:

"But if the bond be lost, or if there be other special circumstances which, independent of the mortgage, give the court jurisdiction over the demand, a decree against the mortgagor will be made for the balance of the debt remaining unsatisfied by a sale under the mortgage.''

In this case the complainant had no remedy whatever at law against Ise. (Ise was the person who had assumed the mortgage.) "That claim is purely equitable, and must be enforced, if at all, in a court of equity. The bill is framed with a view to this form of remedy, and prays for this specific relief. It charges that Ise is responsible for the debt. He has had a full opportunity of answering. Under these circumstances there is no reason why he should not be decreed to pay the debt under the bill." And a very large number of authorities are cited in the note. It is the fullest note on the subject of the assumption of mortgages that we have been able to find.

The case before us was an equitable action for the foreclosure of a mortgage. There was an equitable right existing against

the person who had assumed; and we think that having jurisdiction of the person of the lumber company by reason of the foreclosure proceeding, it had a right to go ahead and give equitable relief by enforcing the obligation.

The second part of the petition alleges that as a matter of fact the Wilson Avenue Lumber Company did not assume the mortgage; that it was not so stated in the deed to it; and that there was no separate contract of assumption. And it goes on and alleges certain acts on the part of the bank, which it is claimed, constitute fraud in procuring the judgment that was rendered in the original action.

The petition says that prior to the commencement of said action the said defendant, plaintiff in said original action, advised the plaintiff that it was about to begin suit for the foreclosure of said mortgage, and represented the value of the lots to be well worth twice the amount of its mortgage. The lots, as I have previously stated, were in the city of Canton, and the Navarre Bank is in Navarre, and the lumber company in Cleveland.

Plaintiff says that it was ignorant of their true value and had no knowledge thereof, and relied upon said statement of the defendant, believing that when said lots were sold under such foreclosure proceeding, the proceeds would be more than sufficient to pay the amount of said note and mortgage, and the costs of foreclosure. And the plaintiff further says that the defendant, prior to the commencement of said action, promised to the plaintiff, through its attorney, Daniel W. Shetler, that it would send plaintiff's attorney in Cleveland a copy of the petition in said proposed action when the same should be begun, which promise of said defendant the said plaintiff relied upon, and paid no further attention to the matter, believing that a copy of said petition would be sent to plaintiff if such proceeding or suit in any manner affected plaintiff's right other than as lien-holder against said premises.

We will consider all these allegations together in arriving at the sufficiency of the second cause of action.

*Black on Judgments,* Section 368, says:

"Fraud has always been reckoned among the special abhorrences of equity, and fraud is one of the grounds upon which application is most frequently made to equity for relief or re-

dress.   It is well settled that equity will enjoin a party from enforcing a judgment which he has obtained by means of fraud.''

And further on in the section he distinguishes three classes of cases:

''First.   There may have been fraud in the instrument or transaction on which the judgment at law is founded.   This, since it constitutes a good defense to the suit at law, must be set up then and there.''

That is, adopting that rule to the case at bar, if this mortgage was not assumed by the lumber company, it should have set up that fact in the original action.

''If the defendant was ignorant of it, or had no opportunity to plead it, or was prevented from setting it up by the artifice or fraud of its adversary, it may be available on a supplemental application to chancery.''

Now in this case the petition shows that the lumber company was not ignorant of this defense, nor was it prevented from setting it up by the artifice or fraud of its adversary; for the only allegation in the petition is that the attorney for the bank had stated that he would send a copy of the petition.   But it had other means of procuring a copy.   A letter addressed to the clerk would have gotten one for it without any trouble.   It is admitted that the lumber company was served by the sheriff of Cuyahoga county.

''Secondly.   Whatever was the character of the defense, supposing it to be good and meritorious, the successful party may have practiced fraud or trickery in such wise as to prevent the other from bringing it before the court.   Here equity will relieve, if the applicant himself was not guilty of negligence or fault.''

As to the allegation the bank represented that the lots were worth twice as much as the mortgage, it does not appear but what the lumber company in Cleveland has as good an opportunity to know the value of the lots as the bank in Navarre.   It would also appear that it was the lumber company that was negligent and at fault in not procuring a copy of the petition, not-

withstanding the promise which had been made without any consideration by the attorney for the bank.

The third class of cases is where "the fraud charged may have been practiced in the act of procuring the judgment to be entered, or in taking judgment in violation of an agreement to the contrary." We find no allegations in the petition coming within this class of cases.

We think, therefore, that the court erred in overruling the demurrer, and the judgment is reversed.